Cornelius L. SAROSDY, Appellant,

v.

Rosemary Burns SAROSDY, Appellee.

No. 15205.

Court of Civil Appeals of Texas. Dallas.

Jan. 4, 1957.

Waller M. Collie, Jr., Dallas, for appellant.

Caldwell, Baker & Jordan and Kenneth R. Davey, Dallas, for appellee.

CRAMER, Justice.

Mrs. Sarosdy filed this suit for divorce against her husband and sought in addition a partition of the community property and custody of the four children of the marriage, twins aged 5, one 4, and one 3 years of age. Mr. Sarosdy filed a general answer and cross-action seeking divorce and custody of the children.

On the trial the jury found: (1) Mr. Sarosdy was guilty of excesses, cruel treatment or outrages towards Mrs. Sarosdy of such a nature as to render their further living together insupportable; (3) that Mrs. Sarosdy was guilty of excesses, cruel treatment and outrages toward Mr. Sarosdy; (4) of such a nature as to render their further living together insupportable; and (5) that it is to the best interest of the children that they be placed in the custody of Mrs. Sarosdy.

On the verdict the trial court entered judgment granting Mrs. Sarosdy a divorce, denying a divorce to Mr. Sarosdy, awarding custody of the children to Mrs. Sarosdy, provided for visitation at specific times, etc., for child support to be paid to the wife, and for partition of the community property.

After Mr. Sarosdy's motion for new trial was overruled he duly perfected this appeal, here briefing two points of error:

(1) In placing the custody of the four children of their marriage with Mrs. Sarosdy because so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust since same "shows Mrs. Sarosdy to be afflicted with a mental illness that renders her an unfit custodian for minor children"; and (2) the trial court abused its discretion in awarding the children's custody to Mrs. Sarosdy. These points are countered that the trial court exercised sound discretion in awarding custody of the children to Mrs. Sarosdy.

The trial court in its judgment stated that there were four children born of the marriage, "all of whom are minors and who are now living with plaintiff and cross-defendant; and based upon all the circumstances as to the surroundings and circumstances of each of said children, the circumstances, character, and fitness of their parents, and the findings of the jury, that the best interest of said children will be served if they are given into the custody, care and control of plaintiff and cross-defendant, provided that defendant and cross-plaintiff should be entitled to see and visit said children at reasonable times and places."

The testimony was highly conflicting and the evidence sustaining the judgment awarding the custody of the children to Mrs. Sarosdy, if believed by the trial judge, fully sustained the judgment.

Under such record it is not necessary for us to go fully into the evidence except as to one phase thereof in which Mr. Sarosdy asserts in his brief that: "Appellee was awarded custody of four babies, ages five, five, four and three years, in the very teeth of the following evidence: (1) Four of the most emminent psychiatrists in Texas—doctors under whose cumulative observation, care and treatment, appellee has been since 1953—diagnosed appellee as suffering with a severe mental disease known as paranoid schizophrenia. Three of such doctors testified that her af-

fliction rendered her unfit for the custody of minor children; the conclusion was expressed that placing custody of the children in her might have grave effects upon them. (2) On two occasions during the year and a half immediately prior to the trial, the appellee was hospitalized in psychiatric hospitals for treatment of a serious mental disorder. (3) Four psychiatrists who testified in this cause—including the one doctor offered by appellee herself—testified that appellee was only in a state of 'remission' from the effects of her serious mental disorder and that there was a probability that she would have recurrences of schizophrenic episodes. (4) Appellee herself admitted three suicidal attempts during the spring of 1955, the last culminating in her being forcibly admitted to Timberlawn Sanitarium. (5) On at least two occasions, appellee made assaults upon appellant with knives."

There is evidence in the record to support such statement. However, there is also evidence that Mrs. Sarosdy was a Braniff Airways hostess, and prior to such employment she underwent tests for fitness and acceptability as a hostess. About a week before the trial she again underwent extensive examinations as an airline hostess and passed them successfully. She was a devoutly religious woman, an excellent housekeeper, and took good care of her children. She further testified that much of her trouble was caused by friction and antagonism with her husband and that he had treated the children unfairly and abused and mistreated them. There is also evidence that during 1946 to 1949 she was dependable and emotionally stable. Her baby-sitter testified that the children were well cared for, kept clean, properly fed and dressed, and appeared to be healthy and happy children. Her neighbors, friends, and frequent visitors testified to substantially the same facts; also that from their acquaintance with her, she was emotionally stable, sound-minded, and a capable person; and in their opinion was in a normal state of mind. A psychiatrist called by Mrs. Sarosdy testified she was in fit condition to care for her children; he based his opinion upon clinical tests. Other psychiatrists testified for Mr. Sarosdy to the effect that she was emotionally unsound, but they had not made clinical tests. There is also evidence that clinical tests are necessary to make a proper diagnosis.

After full consideration of the record we have concluded that while there was conflicting evidence, the trial court saw the witnesses, heard them testify, and was in better position to judge the evidence than we are. However, from our examination of the evidence and the record, we are of the opinion that the trial court's conclusions from the testimony were based upon sufficient evidence, and that we would not be justified in setting aside or finding contrary thereto, or finding that the court's findings are not based on full and satisfactory evidence, or were against the great preponderance of the evidence.

For the reasons stated, appellant's points are overruled. Secs. 243 through 247, Divorce and Separation, 15–B Tex.Jur., pp. 57–74.

The judgment of the trial court is

Affirmed.