**W. A. HOWELL, Appellant,**

**v.**

**LaFerne SANDERS, Appellee.**

**No. 4288.**

Court of Civil Appeals of Texas.

Waco.

Oct. 22, 1964.

Rehearing Denied Nov. 19, 1964.

Jones, Boyd, Westbrook & Lovelace, Waco, Holloway Martin, Jr., and Norton Fox, Groesbeck, for appellant.

Kacir, Lesikar & Kacir, Temple, Naman, Howell, Smith & Chase, Waco, Bradley & Geren, Carl Cannon, Groesbeck, for appellee.

TIREY, Justice.

W. A. Howell filed this action against Mrs. LaFerne Sanders to recover damages for injuries which he alleged to have been sustained to his person and to his International one-half ton pickup truck. He went to trial on his original petition and his answer to defendant's cross-action. He alleged substantially that on the 18th day of March, 1963, he was operating his truck on a street in Groesbeck, Texas, and that in the process of leaving a house located on Rusk Street known as Old Thornton Highway he stopped while still in the entrance of a driveway which gave ample room on the street for automobiles moving in opposite directions to pass in safety; that he was at a complete stop in the driveway when suddenly the automobile of defendant struck his truck from the rear, in which occurrence he received personal injuries and certain damages to his truck. He alleged that the collision resulted from the negligence of the defendant in one or more of eight different particulars. Among these were failing to maintain a proper lookout; failing to make proper application of her brakes, and failing to bring her car to a stop before it struck the rear of his truck; in failing to turn her car to the left in order to avoid striking the rear of his truck. In his 7th particular he alleged:

"In operating the 1960 Chevrolet automobile at a rate of speed in excess of that at which it would have been operated by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances."

Mrs. Sanders went to trial on her first amended original answer and cross-action which contained general and special denials to all the allegations in the plaintiff's petition. In her cross-action she alleged that Howell was guilty of negligence in four particulars and that each was a proximate cause of the injuries and damages sustained by her; that plaintiff failed to keep a proper lookout; failed to yield the right-of-way, and that Howell started his vehicle from a standing and parked position without first determining that such movement could be made with safety, in violation of Art. 6701d, Sec. 67, Vernon's Ann.Tex.Civ. St.; and that Howell, after having started his car in reverse, failed to stop before colliding with plaintiff's car. The jury found that Mrs. Sanders did not fail to keep a proper lookout; that the failure of Mrs. Sanders to apply her brakes was not negligence and was not a proximate cause of the accident, and that the failure of Mrs. Sanders to turn her automobile to the left immediately prior to the collision was not negligence and was not a proximate cause of the accident, and fixed her damages for personal injuries at $5,000.00, and medical expense of $64.00, and found the repair bill to her car to be $527.70, and further found that Mrs. Sanders had suffered the further loss of $272.30 for damages to her car and fixed her total damage at $5864.00. The court overruled plaintiff's motion for judgment non obstante veredicto and granted judgment for Mrs. Sanders on the verdict and entered a take-nothing judgment against plaintiff Howell.

The Court overruled plaintiff's amended motion for new trial and he perfected his appeal to this court.

Appellant's Point one (1) is:

"The trial court erred in refusing to submit appellant's requested special issues relating to appellee driving her automobile at an excessive rate of speed immediately prior to the collision in question."

At the close of the evidence plaintiff presented his requested Issues Nos. 1 and 2 and, omitting the formal parts, they are:

"1. Do you find from a preponderance of the evidence, if any, that at the time and on the occasion in question, and immediately prior to the collision in question, LaFerne Sanders drove her 1960 Chevrolet automobile at a greater rate of

speed than a person of ordinary prudence would have driven it under the same or similar circumstances?

Answer 'she did' or 'she did not'.

Answer: ————.

If you have answered the foregoing special issue 'she did' then you will answer the following special issue, otherwise you need not answer the following special issue.

"2. Do you find from a preponderance of the evidence, if any, that the act of LaFerne Sanders in driving her automobile at an excessive rate of speed, if you have so found, was a proximate cause of the collision in question?

Answer 'it was' or 'it was not'.

Answer: ————"

Mrs. Sanders testified to the effect that the accident happened in the edge of the city limits of Groesbeck; that she was driving in a northerly direction on said street at about 10:30 A.M., and that she first saw appellant's pickup "two blocks three or four houses up" from the point of the accident, and at that time she was driving 20 to 25 miles per hour; that she was looking in the direction in which she was driving, and that she did not see the plaintiff backing his truck into the street, and did not know that he was doing so until he hit her the first time "on the right fender". * * * "And it bounced off and came back into me on the right door, * * *." That the second impact knocked her "cater-cornered" across the street. As we understand her testimony she did not apply her brakes or slow the speed of her car from the time she first saw plaintiff's car sitting in the driveway until the time that the first impact occurred; nor did she pull her car to the left. The street was unpaved and it was described as being rough. The witness Elias Howell testified to the effect that he heard Mrs. Sanders' car coming down the street and that he saw the collision, and that the force of the impact picked the truck up so that both hind wheels cleared the ground, and that the impact pushed the truck further down the street some several feet. Howell testified to the effect that he looked both ways before starting his truck and did not see any car approaching.

In appellant's brief we find the following statement:

"We feel that the foregoing enumerated testimony is sufficient to establish that there was some evidence from which the jury could have determined that Mrs. Sanders was driving at a greater rate of speed than she should have at the time the accident occurred. Presumably, therefore, the trial court only refused to grant this issue on the basis that it was included within one of the other issues that he had submitted.

"It is well settled that a party is entitled to the unconditional submission of every ground of recovery upon which he bases his claim or defense. In negligence cases this has been held to include the allegations relating to various acts of negligence, and it has just recently been held again that a global submission of various acts of negligence in one broad issue is improper." Citing Pitts v. Barclay, Tex.Civ. App., 377 S.W.2d 750.

■ We think appellant's contention is answered adversely to him by our Supreme Court in Kainer v. Walker, Tex., 377 S.W. 2d 613. The opinion of the Supreme Court in the Kainer case is dealing with a situation that is very similar in vital respects to the case at bar, save and except that we are of the view that the evidence here is insufficient to tender an issue of excessive speed. See Sec. 166, Art. 6701d, V.A.T.S., (a), (1) and (b). We are of the opinion that the evidence is sufficient to tender the

issue that Mrs. Sanders failed to keep a proper lookout, and that issue was submitted to the jury, and she was acquitted of such failure. We think the opinion of our Supreme Court in the Kainer case is quite clear and comprehensive, and we feel that further comment thereon would be of no avail. Accordingly, Point 1 is overruled.

■ We have carefully read the statement of facts, and we are of the view that the evidence is ample to support the jury findings as to the extent of injuries and amount of damages sustained to Mrs. Sanders' person and to her car, and we are of the further view that the pleadings are sufficient to support her claim for damages to herself and to her car and, therefore, we overrule Points 2, 3, 4 and 5.

■ We are also of the view that the answers of the jury are not against the great weight and preponderance of the evidence and, therefore, we overrule Point 6.

■ We are of the view that the evidence does not show that Mrs. Sanders was guilty of various acts of negligence which proximately caused the collision as a matter of law and, therefore, we overrule points 7, 8, 9 and 10. See Liberty Film Lines, Inc., v. Porter, 136 Tex. 49, 146 S.W.2d 982, Pt. p. 984, (Com.App., opinion adopted); Texas Power & Light Company v. Jacobs, Tex.Civ.App., 323 S.W.2d 483, n. r. e., (cases cited under points 1 to 5, 6–11); Volkmer v. Curlee, Tex.Civ.App., 261 S.W.2d 870, n. r. e. Pt. 1.

■ Points 11 and 12 are to the effect that the court erred in overruling plaintiff's objection to special issue 11, (a) for the reason that such issue was too global and speculative; (b) that the instruction given in connection with such special issue was too global. We overrule each of these contentions for reasons hereinafter briefly stated. Sec. 67 of Art. 6701d, aforesaid, provides:

"No person shall start a vehicle which is stopped, standing, or parked unless and until such movement can be made with safety."

Mrs. Sanders in her cross-action specially alleged that plaintiff was guilty of negligence in "that the said W. A. Howell started his vehicle from a standing and parked position without first determining that such movement could be made with safety, in violation of Vernon's Annotated Civil Statutes of the State of Texas, Art. 6701d, Section 67; ". We have previously stated that Mrs. Sanders testified to the effect that she saw plaintiff's truck parked in the driveway and that she was looking in a northerly direction in which she was traveling on the street and did not see the truck again until it backed into the right front side of her car, and then the driver pulled forward and put his truck in reverse and hit her the second time on the right front door and knocked her across the street.

"Special Issue No. 11:

"Do you find from a preponderance of the evidence, if any, that the plaintiff and cross-defendant, W. A. Howell, at the time and on the occasion in question failed to yield the right-of-way to the vehicle driven by LaFerne Sanders?

Answer: 'He failed' or 'He did not fail'. Answer: —————.

In connection with the foregoing issue, you are instructed that the driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right-of-way to all vehicles approaching on said highway."

Section 74 of the above article provides:

"The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right-of-way to all vehicles approaching on said highway."

It is true that Mrs. Sanders did not specially plead that the plaintiff violated Section

74 above quoted. However, in paragraph 1 of her cross-action she alleged substantially that as she was going in a northerly direction plaintiff Howell backed out of the private entrance and into the right side of her car as she was passing the private entrance, and that after the first impact Howell pulled up a few feet and threw his truck into reverse and backed into her car a second time; that Howell did not give any warning or signal whatever of his intention to back into the street. In view of the provisions of Sec. 67 and Sec. 74, above quoted, and the evidence tendered thereon, the instruction given by the court to special issue 11 is not too global, and does not constitute reversible error. Points 11 and 12 are overruled. See Kainer v. Walker, supra.

Appellant in his brief says:

"By their answer to special issues Nos. 9, 10, 11 and 12 the jury evidenced their conclusion that appellant Howell backed into the side of appellee Sanders. These issues and the answers thereto are entirely unsupported, improper and insufficient to support a judgment.

"Special Issues Nos. 9 and 10 relate to the lookout kept by W. A. Howell. According to Howell, he kept a proper lookout. He testified that he looked before he backed out into the street, he saw no car approaching, and that as he pulled forward and stopped, he saw no car approaching. His testimony will only support a finding that he kept a proper lookout. The jury did not have to believe W. A. Howell, but even if they disbelieved Howell's testimony, if his testimony were the only evidence in the case, there would not be any evidence which would support the jury's answer in the affirmative to Special Issue No. 9, that he failed to keep a proper lookout. Disbelief of an interested party's testimony which is entirely consistent is no evidence of the exact opposite of the party's testimony."

Citing Latham v. Missouri-Kansas-Texas Railroad, Tex.Civ.App., 350 S.W.2d 379, w. ref., n. r. e.; Herrin Pet. Trans. Co. v. Proctor, 161 Tex. 222, 338 S.W.2d 422.

We have no quarrel with the authorities cited, but our view is that appellant overlooks the fact that Mrs. Sanders testified to the effect that the force of both impacts was against the right front of her car, and that as a result of the impacts her car was knocked across the street, and was left standing at what she described as "cater-cornered" on the opposite side of the street from where she was hit. Moreover, the jury had before it the pictures exhibited with reference to Mrs. Sanders' car and the pickup, and it had the right to take into consideration all the facts and circumstances surrounding the witnesses and the marks of impact shown on Mrs. Sanders' car, as well as those shown on the truck, and we think a jury question was thereby tendered for the jury to pass upon. We think it is true that the evidence tendered on the entire case would have supported a jury finding to the effect that Mrs. Sanders failed to keep a proper lookout, but it acquitted her of so doing, and convicted Howell of failing to keep a proper lookout, and found that such failure was the proximate cause of the collision and resulting injuries to Mrs. Sanders and her car. We think the record as a whole is ample to support the jury's finding in this respect. But appellant further states in his brief:

"If the circumstantial evidence supports the conclusion that appellant Howell backed into the side of appellee Sanders, we would concede that there was sufficient circumstantial evidence to support a finding of failure to keep a proper lookout on the part of Howell. However, we do not make such a concession. Further, the undisputed physical facts clearly establish that Mrs. Sanders' car hit the Howell pickup."

Miss Nona Pearl Hayes testified to the effect that she was an Official Court Reporter of the 77th District Court, and that she took the deposition of plaintiff, Howell, on the 10th day of May, 1963, which was after the date of the accident. She testified in part:

"Q. I will ask you on page 8 of the same deposition if this question was asked, beginning at line 5 through line 11, Question: * * Now, did you see Mrs. Sanders, LaFerne Sanders, defendant and cross plaintiff coming up the road? I did not. Question: Did you look down the road? Answer: No, because I was sitting in the car, in the pickup. Are those the questions and answers given at that time?

"A. Yes, sir.

"Q. On page 9, line 5, I will ask you if this question was asked and this answer given: And you didn't look down the road and you didn't see Mrs. Sanders coming? Answer: Didn't see her and I didn't hear her?

"A. Yes, sir.

"Q. Now, I will ask you, on page 11 beginning on line 5, I will ask you if this question asked and the answer given, is your endgate bent in? One place, yes. In the back? Yes, one place. And your bumper bent in? Answer: And a hole in the endgate. Question. Huh? Answer: And a hole in the endgate. Was that the questions asked and the answers given by Mr. Howell?

"A. Yes, sir."

J. O. Pelham testified to the effect that he was a mechanic and operator of a garage; that he went to pick up Mrs. Sanders' car; that it was headed north and was on the extreme west side of the street; that the truck was "teed into the Chevrolet."; that the rear end was into the Chevrolet and it was facing east; that he looked at the Chevrolet to see where it was hit; that it was hit directly over the right front wheel, and then on the right front door; that there was no evidence of any kind that the front of Mrs. Sanders' car hit the pickup; that the Chevrolet was not caved in; that he looked under the hood and found that the air-conditioner was sprung down, and that the radiator was torn up; that the impact from the side twisted it around.

On Cross-examination he testified in part:

"Q. Mr. Pelham, the bumper on the Chevrolet car was damaged, wasn't it?

"A. Well, the wrap-around part, you know, that comes around the side of the fender had a—it was sprung a little bit.

\* \* \* \* \* \*

"Q. Now, is it your belief then that the point of impact between the two cars was somewhat of an angle or in that fashion?

\* \* \* \* \* \*

"A. Are you trying to ask me was the pickup backing and turning this way?

"Q. No, I am trying to ask you whether or not in your opinion, the damage was done to the Sanders' Chevrolet car was done as a result of an impact more or less at an angle on this front fender?

"A. No, sir, I don't think it was —I think the pickup come directly into it and she had already varied, she was trying to get to her extreme left.

**880**

"Q. All right. In other words,—

"A. And the impact just come into it, of course, she might have had—

"Q. Is it my understanding then of your evaluation that her car had turned to the left like this?

"A. She was definitely trying to get to the left.

"Q. Now, Mr. Pelham, in the event that Mrs. Sanders should testify that she had not turned her automobile to the left or to the right to any degree whatsoever, would that change your opinion?

"A. No, Sir."

We cannot agree with appellant's contention that the circumstantial evidence and physical facts establish that Mrs. Sanders' car hit the truck. The jury, after hearing the testimony and having in mind the positions of the car and the truck after they came to a rest as a result of the impact, and likewise having in mind the marks of impact on the car and the truck, and the resulting damage to each, and also having in mind that there were no marks of impact on the front of the car, save at the very tip of the wrap-around of the right bumper, and no damage to the front end of the car, was of the view that she did not run into Howell's pickup, but on the contrary, believed that Mr. Howell backed his truck into her car, as she claimed. Again, we think that all the facts and circumstances are sufficient to support the jury's view that Howell did not keep a proper lookout, and that this finding, and each of the other findings is not against the great weight and preponderance of the evidence.

We have carefully considered each of the other errors assigned and believing that no reversible error is shown, each of appellant's points is overruled, and the judgment of the trial court is affirmed.

ON MOTION FOR REHEARING

WILSON, Justice (concurring):

I concur in the holding that the complaints concerning the issues relating to failure to yield the right of way as preserved and presented do not reflect reversible error.