**Joe PONCE, Appellant,**

v.

**Rosalie PONCE, Appellee.**

**No. 16856.**

Court of Civil Appeals of Texas.

Dallas.

Feb. 17, 1967.

Rehearing Denied March 10, 1967.

Wm. Andress, of Anrdess, Woodgate, Richards & Condos, Dallas, for appellant.

Lawrence E. Steinberg, of Whitener, Price, Lewis & Steinberg, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

On September 18, 1964 Rosalie Ponce brought this action in the Domestic Relations Court seeking a divorce from her husband, Joe Ponce, and also asking that she be awarded custody of their six-year-old daughter, Julie Ilene Ponce. On October 30, 1964 the trial court entered an order granting temporary custody of the minor child to the father, pending final hearing of the action. On November 10, 1965, following a hearing, a judgment of divorce was entered in favor of Rosalie Ponce but, by agreement of the parties, the issue of custody was severed for future determination. Thereafter, on February 21, 1966, the court began hearing testimony on the issue of custody of the minor child and on May 25, 1966 entered a final decree awarding custody of the child to the mother and granting the father specified visitation periods.

Appellant Joe Ponce inveighs against the judgment rendered by contending, in four points of error, that it was an abuse of discretion on the part of the trial court to grant permanent custody of the minor child to the appellee Rosalie Ponce.

Where, as here, no findings of fact or conclusions of law were requested or filed, the judgment of the trial court must be affirmed if it has any support in the evidence. Ogletree v. Crates, Tex.Sup., 363 S.W.2d 431; Watts v. Watts, Tex.Civ. App., 390 S.W.2d 30. In testing the sufficiency of the evidence to determine if it supports the findings of the trial court credence is given only to evidence and circumstances favorable to the findings and we should indulge in every legitimate conclusion tending to uphold the findings. Scozzari v. Curtis, Tex.Civ.App., 398 S.W.2d 819. The judgment of the trial court should not be disturbed unless it is so contrary to the great preponderance of the evidence as to show an abuse of discretion. Trevino v. Trevino, Tex.Civ.App., 193 S.W.2d 254; Furrer v. Furrer, Civ.App., 267 S.W.2d 226; Thomason v. Thomason, Tex.Civ.App., 332 S.W.2d 148.

Viewing the record made and here presented in the light of these authorities we find ample evidence to support the implied findings of the trial court that the appellee mother is a fit and proper person and that it would be for the best interest of the minor child for permanent custody to be vested in her. While it would serve no purpose to elaborately detail all of the testimony on the issue involved we do deem it advisable to summarize the essential portions thereof which clearly justify the court's decision.

It is undisputed that appellee was stricken with a mental illness or disturbance in 1963. Following a two weeks' stay in Woodlawn Hospital and Beverly Hills Sanitarium in Dallas she was admitted to the State Hospital at Terrell where she remained several months undergoing treatment. She was discharged from the State Hospital in 1964 and the County Court of Kaufman County decreed that she was of sound mind. Following her release and discharge in August of 1964 she started to work in Dallas on April 26, 1965 and has continued to work almost all of the time since then. She is engaged as a box office clerk for the Buena Vista Company which distributes motion pictures to theatres. As a part of that job she has to compute the charges and rentals on the film. She testified that if granted custody of the child she intended to temporarily live with her niece who has a large two-story house with four bedrooms in Richardson. She said that she planned to purchase a home out of money that she had saved and also money that had been awarded her in the division of community property at the time of the divorce.

Several lay witnesses testified that appellee had demonstrated to them that she was able to and did take care of and looked after the child as well as a mother could when she had her during visitation periods. There was testimony that the child became upset when she had to leave her mother at the end of these periods. Evidence was introduced to the effect that appellee had always been a devoted mother to her child and that the two were very happy when together.

Dr. F. T. Harrington, a psychiatrist selected by the court to examine appellee and render an opinion concerning her mental condition, testified that appellee was now mentally capable of coping with everyday problems and that in his opinion she had returned to a "state of good social remission". It was his opinion that a child such as the minor in question here should be in the custody of the mother since it is best for the child to make an identification with the real parent of the same sex during the pre-adolescent period. He said that it would be better for the child to spend more time with the appellee and that her identification should be with the appellee rather than a "mother substitute".

■ Appellant lays great stress upon the testimony relating to the mental capacity of appellee and the potential danger that there might possibly be a recurrence of her condition in the future. This contention presents a matter of grave concern but was one within the broad discretion of the trial court. The test to be applied by this court is not what we would have done under the same or similar circumstances but whether the result reached by the trial court amounted to an abuse of discretion to the extent that it should be reversed. Where the decision is supported by evidence of probative value, as we here find it to be, we cannot say that the discretion so vested in the trial court was abused. Madden v. Madden, Tex.Civ.App., 365 S.W.2d 427; Watts v. Watts, Civ.App., 390 S.W.2d 30.

■ In Kollenborn v. Kollenborn, Tex. Civ.App., 273 S.W.2d 660, the Fort Worth Court of Civil Appeals reviewed a decision much similar in many details to that under consideration. In that case the mother had suffered from paranoid schizophrenia and had been confined to Timberlawn Sanitarium in Dallas and had also been treated in Mayo Clinic and another mental institution in Minnesota. Following her release from the hospital she asked custody of their minor children as a part of the divorce action. The trial court granted her custody of the minor children and the Court of Civil Appeals affirmed the judgment and overruled the contention there made, as made here, that the trial court had abused its discretion. The court pointed out that it had been repeatedly held that a child of tender years should be with the mother, if she is a fit person therefor, and that a very clear case of abuse of discretion must appear before the appellate court will interfere with the trial court's judgment awarding custody of minor children.

In Sarosdy v. Sarosdy, Tex.Civ.App., 297 S.W.2d 852, this court, in an opinion by Mr. Justice Cramer, reviewed a decree awarding custody, as a part of a divorce case, to the mother. The testimony revealed that the mother had undergone schizophrenic episodes and had attempted suicide following which she had been admitted to Timberlawn Sanitarium. Following her release she had been adjudged to have been in a state of remission and had applied for and been accepted as airline hostess. Based upon a review of conflicting evidence we held that there was no demonstration of abuse of discretion which would justify reversal of the judgment.

■ Our examination of the record compels the opinion that the trial court's judgment was based upon sufficient evidence and that we would not be justified in setting it aside or finding contrary thereto.

The judgment of the trial court is

Affirmed.