**Nick MARCHYN et al., Appellants,**

v.

**Rodolfo SILVA, Appellee.**

**No. 14833.**

Court of Civil Appeals of Texas,
San Antonio.

May 20, 1970.

Rehearing Denied June 17, 1970.

Richard Bradshaw, Allison, Madden, White & Brin, Inc., Corpus Christi, for appellants.

Max L. Bennett, Utter & Chase, Corpus Christi, for appellee.

BARROW, Chief Justice.

Appellants, Nick Marchyn and his employer, M & M Construction Company, Inc., complain of a judgment entered on a jury verdict whereby appellee, Rodolfo Silva, recovered the sum of $3,000.00 for damages sustained in a collision between Silva's automobile and a pick-up truck owned by M & M Construction Company, which was being operated by Marchyn.

The collision occurred in a somewhat unusual manner on Main Street in the City of Alice, Texas. Just before the collision, Marchyn parked the truck in front of Dena's Cafe which is on the south side of Main Street. Silva had stopped on a vacant lot opposite said cafe while he used a telephone in a booth near a motel on the north side of Main Street. After drinking coffee, Marchyn backed the truck across Main Street with the intention of proceeding to the west. After completing his call, Silva drove his automobile at an angle towards Main Street with the intention of also proceeding west. The left front of Silva's car was struck by the rear of the truck.

These two drivers were the only witnesses at the trial and their testimony is conflicting as to which vehicle was moving at the moment of impact. Marchyn testified that he never saw Silva's car, that he backed all the way across the paved portion of Main Street, and after he had stopped to put the truck in forward gear he was struck from the rear by Silva's car. On the other hand, Silva testified that as he was proceeding off the lot toward Main Street, he saw the truck backing across the street. Silva said he stopped and blew his horn several times, but Marchyn's truck backed into his car. Main Street is a paved two-way street with adequate space for one car to proceed in each direction. There is no curb on said street, but there is sufficient space in the right-of-way for a car to park on each side of the traveled roadway. The point of impact was not es-

tablished, but there is evidence from Marchyn that Silva's car was stopped at least partially in the north parking lane.

The jury found that Marchyn failed to keep a proper lookout and that such failure was a proximate cause. On the other hand, the jury found that Silva did not fail to keep a proper lookout. No other liability issues were submitted to the jury. No objection was made to the submission of these issues, but appellants timely requested two other series of liability issues and complain on this appeal of the trial court's failure to submit same.

■ Appellants requested a right-of-way issue and, in connection therewith, an instruction that the driver of a vehicle about to enter or cross a highway from a private road or roadway shall yield the right of way to all vehicles approaching on said highway.[1] It is true that Silva was about to enter Main Street at the time of the collision; however, we do not believe that Marchyn was approaching on said highway within the contemplation of this statute in that he was backing across the highway. Cf. Gardner v. Bailey, 376 S.W.2d 85 (Tex.Civ.App.—El Paso 1964, writ ref'd n.r.e.); Howell v. Sanders, 383 S.W.2d 874 (Tex.Civ.App.—Waco 1964, writ ref'd n.r. e.). The requested right-of-way instruction under these circumstances is not applicable. The trial court did not err in refusing these requested issues.

■ Appellants also complain of the trial court's refusal to submit their requested Issues Nos. 4 and 5. Requested Issue No. 4 reads: "Do you find from a preponderance of the evidence that the Plaintiff, just before the collision in question, stopped his vehicle at a place on the roadway where a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances would not have done so?"

Issue No. 5, conditioned upon an affirmative answer to No. 4, inquires as to wheth-

er such act in "so stopping on the roadway" was a proximate cause. Although Silva denied that he stopped on the roadway, there is testimony from Marchyn that Silva's car was on the unpaved portion of the roadway. We conclude from this record that the trial court did not err in refusing to submit this series. Issue No. 4 assumes, contrary to Silva's testimony, that he was stopped at a place on the roadway. Furthermore, we do not believe that even if Silva stopped where Marchyn testified he stopped, such act was a proximate cause of the collision. Silva's car was not on the traveled part of Main Street and he could not foresee that Marchyn would back all the way across such roadway and collide with a car stopped in the area used for parking.

Appellants complain, by three points, of the trial court's action in selecting the jury in the absence of appellants and their counsel. The case was regularly set for trial for 10:00 a.m. on May 26, 1969, and the attorneys for each party were notified of such setting by the trial judge. Counsel for appellants, who officed in Corpus Christi, learned from some undisclosed source that this case was the second case on the docket for that date and that the first case would probably go to trial. Counsel therefore were not in Alice at 10:00 a.m. and they did not contact the trial jduge regarding such contemplated absence. The attorneys for Silva were present and announced ready after the first case was dismissed for want of prosecution at the docket call at such time. The trial judge had no communication from appellants or their counsel until an associate in the office of appellants' counsel telephoned the court a little before 11:00 a.m. At that time, the trial judge advised such attorney that the jury selection would begin in his absence. Such attorney drove from Corpus Christi to Alice, a distance of approximately 42 miles, but the jury had been selected before he arrived.

Appellants' counsel, upon his arrival in Alice, prepared a hand-written motion for continuance, but did not assert any grounds in same. Orally he advised the trial court that appellants would be ready to proceed if the court would discharge the jury and start over again with the jury selection. The balance of the jury panel had already been excused for two days and the motion for continuance was overruled. This action is the basis of an assignment of error. Appellants then sought to exercise peremptory challenges over the first six unchallenged jurors and complain of the trial court's refusal to permit such strikes. Appellants also complain of the trial court's refusal to grant a mistrial because the jury had been selected in their absence and the absence of their counsel.

These three points all relate to the proposition of whether the trial court abused its discretion in proceeding to trial and, specifically, in selecting the jury in the absence of appellants and their counsel. The voir dire examination of the jury panel is an important part of our right to trial by jury, in that it is the means by which disqualified persons are eliminated and it also affords information upon which peremptory challenges may be intelligently exercised. Certainly few trial attorneys would willingly waive such examination or their right to peremptory challenges. Unfortunately, by the time appellants' counsel arrived at the courthouse in Alice, the jury had been selected and the remainder of the panel excused. Therefore, appellants lost this unquestioned valuable right.

Rule 253, T.R.C.P., provides in part that absence of counsel will not be good cause for a continuance or postponement of the cause when called for trial, except it be allowed in the discretion of the court. Rule 247, supra, admonishes that every suit shall be tried when it is called. In view of the fact that appellants' counsel admittedly knew this case had been set for 10:00 a.m. and made no contact whatsoever with the trial judge until nearly 11:00, at which time they were still an hour from the courthouse, we conclude that the trial judge did not abuse his discretion in pro-

**446**

ceeding with the case. Smock v. Fischel, 146 Tex. 397, 207 S.W.2d 891 (1948); Murphy v. Stigall, 352 S.W.2d 918 (Tex. Civ.App.—San Antonio 1961, writ ref'd).

It must be recognized by trial counsel and trial courts alike that in these times of congested trial dockets, courts will often be required to set several jury cases for the same time. Trial counsel will often have several cases for trial at the same time and perhaps on different dockets. Only through the close cooperation of courts and trial counsel can the problem of court congestion be met and the public interest served through the prompt and efficient administration of justice.

Appellants' final point urges that the trial court erred in not granting a new trial because the jurors were guilty of several acts of misconduct during their deliberations. Two jurors testified at the hearing on appellants' motion for new trial. Juror John True, Jr., was called by appellants and testified that during the discussion on the lookout issues, the foreman stated it was against the law to back across the center line. Further, he said the jury couldn't find both parties guilty of improper lookout. True also testified that there was mention of liability insurance, medical expenses and the amount of appellee's attorneys' fee.

The juror Erwin Richter, who served as foreman, was called by appellee. He admitted that someone, although not he, mentioned it was against the law to back across the center stripe of a street. Richter denied stating or hearing the statement that both parties could not be found guilty of improper negligence. He testified the subject of insurance was mentioned once, but was not discussed by the jury. Richter testified that when the subject of medical bills and attorneys' fee were mentioned, or anything else outside the record, he promptly admonished the jury that there was no such evidence, and no further discussion was had of such extraneous subject.

Appellants had the burden to prove an overt act of jury misconduct, that it was material misconduct, and, from the record as a whole, that injury probably resulted. Fountain v. Ferguson, 441 S.W.2d 506 (Tex.Sup.1969); Pope, Jury Misconduct and Harm, 12 Baylor L.Rev. 355–357. No findings of fact were filed and therefore we must presume that the trial court found all controverted facts in support of its judgment overruling the motion for new trial. Thus if the evidence offered at the hearing on the motion is conflicting as to whether or not misconduct occurred, the decision of the trial court on the question is binding on this appeal. Brawley v. Bowen, 387 S.W.2d 383 (Tex.Sup.1965).

Both jurors, True and Richter, testified that a statement was made regarding a driver's right to back across the center of a street. We cannot say from this record that injury probably resulted from such improper statement. It was virtually undisputed that Marchyn did not keep a proper lookout, in that he never saw Silva's vehicle prior to the collision. The first vote on this issue, which was by secret ballot, was 11–1, with only True voting "no." He testified that on the first show of hands he went along with the other eleven jurors. On the other hand, he testified that Silva obviously saw Marchyn in that the latter conceded Silva blew his horn.

We cannot say that prejudicial error has been shown from this record by the casual mention of insurance and attorneys' fee. The foreman testified that the jury was promptly admonished and neither subject was again mentioned by a juror. It is now settled that not every mention of insurance requires the setting aside of a jury's verdict. St. Louis Southwestern Railway Company v. Gregory, 387 S.W.2d 27, 33 (Tex.Sup.1965); Dennis v. Hulse, 362 S.W.2d 308 (Tex.Sup.1962). Here there was no discussion whatsoever of such improper subject and not even an intima-

tion that such casual mention played any part in the deliberations.

The judgment of the trial court is affirmed.