Max Ray LUNDSTROM, Sr., Appellant,

v.

Janice Dale LUNDSTROM, Appellee.

No. 917.

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 27, 1974.

Paul D. Little, Corpus Christi, for appellant.

William W. Keas, Jr., Auforth, Nebrat, Keas & McCrury, Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This is an appeal from that portion of a judgment in a divorce action which awarded the custody of a minor child to Janice Dale Lundstrom, plaintiff and mother of the child. Plaintiff filed suit for divorce against Max Ray Lundstrom, Sr. Both parties sought custody of their child, Max Ray Lundstrom, Jr., a boy six years of age. Trial was to a jury, which found, in response to Special Issue No. 1, that plaintiff should have custody of the child. Judgment was rendered accordingly. The trial court, in the judgment, expressly found that the best interest of the child will be served by appointing plaintiff as managing conservator of the child. Defendant has appealed from the judgment only insofar as it grants custodial rights to plaintiff.

Defendant contends that there is no evidence to support the jury's answer to Special Issue No. 1, and, alternatively, that the jury's finding in response thereto is against the great weight and preponderance of the evidence. In disposing of the "no evidence" point, we consider only the evidence and the inferences tending to support the jury's finding, and disregard all evidence and inferences contrary thereto, in accordance with the well established rule of Garza v. Alviar, 395 S.W.2d 821, 823 (Tex.Sup.1965). The "against the great weight and preponderance of the evidence" point requires us to examine, consider and weigh all of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

Defendant attacks the jury finding and the judgment on two grounds. First, he contends that plaintiff's mental and physical condition was such that the best interests of the minor child were not served by awarding custody to plaintiff; and, second, he states that such award was against the best interest of the child because of plaintiff's prior abuse and neglect of the child.

Defendant, in support of his first point, a "no evidence" point, argues that the testimony of Dr. Griffin, a doctor of osteopathy, conclusively shows that plaintiff's physical and mental condition was such that it was not in the best interest of the child to award his custody to plaintiff. In his second point, the argument is made that the great weight and preponderance of

the evidence shows that plaintiff's mental and physical condition render her unfit to have custody of the child.

Plaintiff was hospitalized on July 14, 1968 as a result of taking large quantities of pills and tablets. She was attended by Dr. Griffin. The notes made by him in connection with her admission and treatment read, in part, as follows: "Technically, this was a case of a temper tantrum that the patient had performed for the benefit of relatives and consequently sedation was the only treatment necessary together with a little hypnotherapy". The notes made by him when she was dismissed from the hospital following that admission read, in part, as follows: " . . . it was possible to dismiss the patient on the 7th day in satisfactory condition, well oriented and with the anticipation of no further trouble". She was again admitted to the hospital in February, 1969 for "acute tracheobronchitis with severe cough". She responded to treatment and was released "in satisfactory condition". She suffered from diabetes, but Dr. Griffin said that her diabetic condition could be controlled by medication, and that she could work and perform her normal duties. He was of the opinion that plaintiff's emotional problems may have been partly caused by her mother-in-law. He further testified that plaintiff, at the time of trial, appeared to him to be in satisfactory condition. He did not think it necessary that she undergo a psychiatric evaluation.

The appellate courts were faced with a similar problem in Ponce v. Ponce, 412 S. W.2d 777 (Tex.Civ.App.—Dallas 1967, writ dism'd); Sarosdy v. Sarosdy, 297 S.W.2d 852 (Tex.Civ.App.—Dallas 1957, no writ); and Kollenborn v. Kollenborn, 273 S.W.2d 660 (Tex.Civ.App.—Fort Worth 1954, writ dism'd). The evidence in those cases showed that the child involved was quite young and the mother was emotionally disturbed. In the Kollenborn case, the mother had suffered from paranoid schizophrenia and had spent some time in two mental institutions. In the Sarosdy case, the mother had exhibited schizophrenic symptions, had attempted suicide, and had been admitted to a mental sanitorium. In the Ponce case, the mother had spent several weeks in a hospital where she was treated for mental illness. The trial court, in each of those cases, after a full hearing where conflicting testimony was presented, awarded custody of the child to the mother. It was recognized by the Court of Civil Appeals that the question of the mother's fitness because of mental problems presented a matter of grave concern, but that a determination thereof was one within the broad discretion of the trial court. The judgment of the trial court in each case was affirmed.

■ Viewing the evidence most favorably to the jury finding, as we must do in ruling on defendant's "no evidence" point, we hold that it was not conclusively established by the evidence that plaintiff's physical and mental condition was such that she was not a fit person to have custody of the minor child, Max Ray Lundstrom, Jr. Defendant's first point is overruled.

Dr. Griffin testified on direct examination that plaintiff's several admissions to the hospital were caused, in part, by emotional problems, that she appeared to him to be an emotionally disturbed person who could be schizophrenic, and that she had attempted suicide in July, 1968. His testimony with respect to the attempted suicide is at variance with his own notes, above set out, which were made and signed by him in July, 1968.

The pastor of the church where plaintiff and defendant worshipped testified that he had known both parties since June, 1971, and had, on several occasions, prior to trial, talked and visited with both of them. He counseled with plaintiff in reference to her marital problems. He said that "she appeared very healthy to me."

Plaintiff told the jury that she was in good health. She attributed the pill taking episode in July, 1968 to an emotional upset

**708**

caused by troubles with her husband and differences with her mother-in-law, when she was only nineteen years of age. There is no evidence of any subsequent attempt to commit suicide, if she did, in fact, attempt to do so in July, 1968. With the exception of testimony from Dr. Griffin, defendant, and defendant's mother, Mrs. Ora Lundstrom, there is no evidence that plaintiff was an emotionally disturbed person or that she was physically unable to take care of the needs of her child.

At the time of trial (April, 1974), plaintiff worked in a drug store. She had, prior to that time, taught swimming at the local "Y". Her swimming classes met on Monday and Wednesday nights of each week.

■ The jury was the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony. The jury observed the demeanor and personality of each of the several witnesses. It found that plaintiff should have custody of the child. After a careful consideration of the entire record, we have concluded that while there was some conflicting evidence relating to plaintiff's mental and physical fitness, there is ample evidence that plaintiff, at the time of trial, was mentally and physically fit to have custody of the child. The jury finding is not against the great weight and preponderance of the evidence. Defendant's second point is overruled.

■ Defendant, in his third point, asserts that the finding in answer to Special Issue No. 1 that the best interest of the child will be served by placing him in the custody of plaintiff is against the great weight and preponderance of the evidence, because plaintiff had, on many occasions in the past, abused, neglected and mistreated the child. We have carefully reviewed all of the evidence contained in the statement of facts (737 pages). We are not in agreement with defendant's assertion.

Each of the parties called a large number of witnesses. Only defendant's mother testified as to anything remotely connected with any physical abuse of the child. She said that plaintiff routinely slapped the boy about his head and face. The child, however, testified that his mother never slapped him in the face, but did spank him at times. Plaintiff said that she spanked him on his bottom when he needed to be disciplined. A neighbor testified that he had known plaintiff and defendant for several years. He had never seen any physical abuse of the child by either parent.

Plaintiff went to work after the separation in order to support herself. She hired a baby-sitter to take care of the child while she was at work. There was no evidence that he was ever left with an incompetent baby-sitter, or that plaintiff spent any of her non-working hours away from him. Plaintiff stated positively that she had never physically abused the child. There was evidence of probative value that plaintiff was greatly interested in the child's school work. She was active in the PTA, was a member of a Sunday School Class in her church, and took the child to Sunday School.

There was evidence that the child was always neat and well dressed, and seemed to be a very happy person. There was testimony from several witnesses that plaintiff always showed an interest in the child, looked after him, and took very good care of him. The consensus of most of the witnesses was that the feeling between mother and child seemed to be one of love for each other. There was no evidence of any maladjustment on the child's part.

■ It is a rule of long standing that a judgment awarding the custody of a child to a person, based on a fact finding that the person is fit and proper to have custody, will not be disturbed on appeal unless the judgment is so contrary to the great weight and preponderance of the evidence as to show an abuse of discretion. Harri-

son v. Harrison, 495 S.W.2d 1 (Tex.Civ. App.—Tyler 1973, no writ); Flores v. Riveria, 473 S.W.2d 613 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.); Prendergast v. Prendergast, 122 S.W.2d 710 (Tex. Civ.App.—Galveston 1938, no writ); Smith v. Biggers, 41 S.W.2d 325 (Tex. Civ.App.—Fort Worth 1931, no writ). It has been repeatedly held that a young child should be placed with the mother if she is a fit person therefor. Sims v. Cole, 264 S.W.2d 185 (Tex.Civ.App.—Dallas 1953, writ ref'd n. r. e.); Spell v. Green, 200 S. W.2d 713 (Tex.Civ.App.—Texarkana 1947, writ ref'd n. r. e.); Ponce v. Ponce, supra; Kollenborn v. Kollenborn, supra.

■ In a case like this, the jury and trial court each had the delicate duty to perform in determining which parent should have the care and custody of the small child involved in this unfortunate controversy. The best interest of the child is always the paramount consideration. Conflicts in the evidence will be resolved in favor of the jury's finding. A very clear case of abuse of discretion must be shown before an appellate court will interfere with the trial court's judgment awarding custody of a minor child.

We conclude that there was substantial testimony before the jury to support its findings that plaintiff should have custody of the minor child, Max Ray Lundstrom, Jr. Such finding was not against the great weight and preponderance of the evidence. No abuse of discretion on the part of the trial judge is shown. There is no legal basis which would justify a reversal and remand of this case. Defendant's third point is overruled.

Defendant, in his fourth point, complains of jury misconduct. At the hearing on his motion for new trial, defendant's mother and one of the other witnesses called by defendant each testified that one of the jurors and plaintiff had a conversation during the last day of the trial. Neither heard what was said. The juror testified that she did not have a conversation with

plaintiff at any time during the trial. The trial judge overruled defendant's motion for new trial. Findings of fact relating to the alleged misconduct were not filed.

■ If the evidence offered at the hearing on the motion for new trial is conflicting as to whether there was jury misconduct, the decision of the trial judge on the question is binding on appeal. Brawley v. Bowen, 387 S.W.2d 383 (Tex.Sup.1965). Where no express findings of fact are filed, it is presumed on appeal that the trial court found all controverted facts in support of its order overruling the motion for new trial and that there was no jury misconduct. Putman v. Lazarus, 156 Tex. 154, 293 S.W.2d 493 (1956).

■ A litigant complaining of jury misconduct must prove not only the overt act of misconduct, but that it was material misconduct, and "from the record as a whole that injury probably resulted to the complaining party". Rule 327 Texas Rules of Civil Procedure; Fountain v. Ferguson, 441 S.W.2d 506 (Tex.Sup.1969). Whether jury misconduct did in fact occur is a fact question, and whether injury probably resulted is a question of law. City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259 (1941); Harlow v. Swift and Company, 491 S.W.2d 472 (Tex.Civ.App.—Eastland 1973, writ ref'd n. r. e.).

■ The trial court impliedly found that the alleged conversation between plaintiff and one of the jurors did not take place during the trial of the case, and that there was no jury misconduct. Since the testimony relating to the alleged misconduct is conflicting, this Court is bound by the implied finding of the trial court. Moreover, there was no evidence adduced at the hearing on the motion for new trial that the conversation probably resulted in injury to defendant, if, in fact, such a conversation took place. There is absolutely no evidence which indicates the nature of the conversation, if it did occur. See Marchyn v. Silva, 455 S.W.2d 442 (Tex.Civ.

App.—San Antonio 1970, writ ref'd n. r. e.); Smith v. Selz, 395 S.W.2d 692 (Tex. Civ.App.—Fort Worth 1965, writ ref'd n. r. e.). Defendant's fourth point is overruled.

The judgment of the trial court is affirmed.