David D. CORLEY, Appellant,

v.

Jacqueline H. CORLEY, Appellee.

No. 17782.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 21, 1977.

Earl Rutledge, Fort Worth, for appellant.

Jackson & Supple, and Alfred J. Jackson, Jr., Fort Worth, for appellee.

## OPINION

HUGHES, Justice.

In October, 1972, David D. Corley and his wife Jacqueline were divorced. By that judgment decree the children of the parties were placed in the physical custody of the mother as managing conservator. David, the father, the parent "out of custody," was granted visitation rights and made possessory conservator, burdened with duties of financial support for the children. The children are: Charissa, born 1959; David, Jr., born 1961, and Valarie, born 1970.

In July 1974, David Corley, who since the parties' divorce had remarried to a woman named Mary, petitioned the Domestic Relations Court which had granted the 1972 divorce, for appointment as managing conservator of the three children on the grounds of changed conditions. Alternative relief by way of reduction of child support was also prayed.

Pursuant to the petition of David D. Corley the issues were joined, and trial was held without intervention of a jury, with the judgment order of the Court providing in substance as follows: Jacqueline Corley appointed managing conservator of Charissa and Valarie. David D. Corley was appointed managing conservator of David, Jr., with the visitation of the possessory conservator parent to be between each possessory conservator and David, Jr., and Charissa, respectively, without control or interference by their particular managing conservator. Therefrom David D. Corley has appealed.

Judgment is in part affirmed and in part reversed and remanded to the Trial Court for reconsideration and entry of an amended order without requirement that there be a new trial.

For convenience, David D. Corley, will be referred to as David, and Jacqueline H. Corley as Jacqueline. The children will be referred to by their first names.

Generally, the evidence in the Trial Court was controverted on the matter of each of the respective parties' fitness to be managing conservator of the children. The Trial Court heard the evidence as to Jacqueline's housekeeping, her morals, her giving of insufficient funds checks, her supervision of the childrens' school work, the amount of money required for child support and David's ability to pay it as well as evidence of David's propriety as a managing conservator, and resolved the questions in Jacqueline's favor to the extent of retaining her as managing conservator of the two daughters and setting child support at $265.00 per month per daughter, but named David as managing conservator of David, Jr.

Based upon the evidence, David has presented points of error Nos. 1, 2 and 4. Based upon Jacqueline's disobedience of a subpoena duces tecum, David has presented points of error Nos. 5 and 6. David's point of error No. 3 has relation to abuse of the Court's discretion in providing by order terms of visitation of the child, David, Jr.

We overrule all points except point of error No. 3, which we sustain.

The first point of error contends that overwhelming preponderance of evidence show it would be to the best interest of Valarie Doris Corley to have her custody awarded to her father; and the second point of error contends that the Trial Court abused its discretion in awarding Jacqueline custody of Valarie Doris Corley.

(David Corley formally waived any claim to Charissa and her custody is not a matter under consideration upon the appeal.)

The test to be applied by a reviewing Court relative to points of error Nos. 1 and 2 are not what the Appellant Court would have done under the circumstances, but whether the commandment of the Court amounts to an abuse of discretion to the extent it should be reversed. *Watts v. Watts,* 390 S.W.2d 30 (Tex.Civ.App.—El Paso 1964, writ ref'd n. r. e.); *Ponce v. Ponce,* 412 S.W.2d 777, 779 (Tex.Civ.App.—Dallas 1967, writ dism'd). The judgment of the Trial Court must be affirmed if it has

support in the evidence and is not so contrary to the greater weight and preponderance of the evidence as to be clearly erroneous. We find that such judgment does have support in the evidence as viewed from the testimony favorable to appellee and is not contrary to the greater weight and preponderance of the evidence. We therefore overrule points of error Nos. 1 and 2.

Point of error No. 3 complains of Trial Court's order that David, Jr., could visit his mother without control or interference by his father.

We sustain point of error No. 3.

■ There is no question as to right of access of the possessory conservator to the child and we adhere to our holding *Wood v. Wood*, 510 S.W.2d 399, 401 (Tex.Civ.App.— Fort Worth 1974, no writ), that the Trial Court should encourage normal visitation by a parent "out of custody." However, to authorize the visitation by the possessory conservator "to be arranged and handled by each of such children directly with the respective possessory conservator of each without any interference or control by the respective managing conservator and each such child", defeats the purpose of Tex. Family Code Ann. § 14.02(a) (1975), as amended.

To remove control of the managing conservator as to visitation and place it wholly in the hands of a child would not only abrogate the authority of a managing conservator under § 14.02(a), but would invite problems for all concerned, more particularly the child himself. He would be, by Court order, placed in the position of being able to "call the turn" on his father and mother, authorized to dictate not only his comings and goings but theirs as well. The Family Code did not intend to foist on children this burden, or to afford them such a privilege.

■ Point of error No. 4 complains of excessiveness in the amount of child support for David to pay in respect to maintenance of Charissa and Valarie. The amount awarded by judgment was $265.00 per month per child. David testified to

$44,000.00 per year salary. Jacqueline testified to monthly expenses of $2,224.00 for various items of necessities. She admitted to fluctuating income from oil and gas royalties ($700.00 to $2,000.00 per month) and a salary of over $300.00 per month. It is well-settled that the Court has wide discretion in setting child support payments commensurate with the children's need and the parent's ability to pay. The Trial Court did not abuse its discretion in this case. Point of error No. 4 is overruled.

■ Point of error No. 5 complains of the Trial Court having refused to enforce the subpoena duces tecum served upon Jacqueline at the beginning of the trial to produce her bank records and thereby depriving David of material evidence on support question.

Point of error No. 6 complains of the same failure as 5 with assertion of denial of constitutional right to due process of law.

Points of error Nos. 5 and 6 are overruled. With respect thereto, Jacqueline's counterpoints are well taken. David failed to urge, object or move for any action or ruling from the Court relative to Jacqueline's failure to have her bank records in Court on the last day. No motion was made to have the Court command this production, no motion for continuance was presented, and no formal bill of exception was made by David. Therefore, David waived any error; certainly he did not preserve any complaint. *Biddle v. National Old Line Insurance Company*, 513 S.W.2d 135, 140 (Tex.Civ.App.—Dallas 1974, writ ref'd n. r. e.).

For all of the reasons above stated, we overrule all of the points of error submitted except point of error No. 3, which is sustained.

Accordingly, the judgment of the Trial Court is affirmed in all matters except that of visitation of Valarie and David, Jr., and as to that, it is reversed and remanded for further consideration by the Trial Court, and for entry of an amended order not inconsistent with this opinion without necessity of any retrial.