David J. MOYA, et al., Appellants,

v.

SAND EXPRESS, INC., et al., Appellees.

No. 2425cv.

Court of Appeals of Texas, Corpus Christi.

Oct. 28, 1982.

Robert J. Patterson, Corpus Christi, for appellants.

Tom Hermansen, Kleberg, Dyer, Redford & Weil, Corpus Christi, for appellees.

Before BISSETT, YOUNG and KENNE-DY, JJ.

## OPINION

BISSETT, Justice.

This is a jury misconduct case, arising out of a wrongful death suit. The initial action was brought by David J. Moya and other survivors of Guadalupe Moya, Jr., against Sand Express, Inc., et al. Guadalupe Moya, Jr., was killed while working for Baker Marine Corporation in San Patricio County. Baker Marine was not made a party to this suit.

In the initial wrongful death action, the jury returned a verdict favorable to the appellees. Following a take-nothing judgment entered by the trial court, appellants filed a motion for a new trial alleging jury misconduct. A hearing was had and evidence produced on appellants' motion for new trial. After hearing conflicting testimony from eight jurors, the trial court overruled appellants' motion for new trial, and at their request, filed Findings of Fact and Conclusions of Law. Appellants then requested further Findings of Fact and Conclusions of Law. The request was denied.

In their sole ground of error, appellants allege the "trial court erred in overruling their motion for new trial based upon jury misconduct." We disagree.

In the jury misconduct hearing, three jurors testified to discussion of collateral benefits which may have been furnished appellants and as to speculation concerning the bringing of a suit against Baker Marine or the possibility of an existing settlement between Baker Marine and appellants. The jurors further testified that these discussions came at a time prior to the final determination by the jury of the answer to Special Issue Number Two.

The remaining five jurors who testified, stated that any discussion of these matters was either met by rebuke or came at a time after all issues had been answered and either during or following the actual signing of the verdict by the jury. They further testified that the sole reason for these discussions was to appease a juror who wanted to see that the children of Moya received some money.

At the conclusion of the hearing, the trial court made a finding of no jury misconduct.

Where the evidence offered at a hearing on a motion for new trial is conflicting as to whether or not misconduct of a jury occurred, the decision of the trial court is binding on this Court. *Flores v. Dosher*, 622 S.W.2d 573, at 574 (Tex.1981); *Lundstrom v. Lundstrom*, 516 S.W.2d 705, at 709 (Tex.Civ.App.—Corpus Christi 1974, no writ). In the case before us, the timing of any improper jury discussions is crucial

# 334

in arriving at a finding of misconduct. The testimony adduced at the hearing for the motion for new trial showed a conflict among the jurors as to when the discussions, concerning Baker Marine and any other type of compensation received by appellants, actually took place. Because of this conflict, this Court is bound by the trial court's finding that no jury misconduct occurred. Appellants' point of error is overruled.

The judgment of the trial court is AFFIRMED.