James BROUSSARD et ux., Appellants,

v.

Harold J. QUEBEDEAUX et ux., Appellees.

No. 6956.

Court of Civil Appeals of Texas.

Beaumont.

May 2, 1968.

Barber & Golden, Seale & Stover, Jasper, for appellants.

George T. Camp, Beaumont, for appellees.

PARKER, Justice.

The plaintiffs, Broussard, sued the defendants, Quebedeaux, for damages as the result of an automobile collision. Upon a jury verdict, judgment was entered that plaintiffs take nothing. The parties will be designated as in the trial court.

Plaintiffs contend that the trial court erred in refusing to grant their motion to disregard jury findings in answer to Special Issues Nos. 11 and 12, and for judgment based on the other findings of the jury because there is no evidence or, in the alternative, there is insufficient evidence to support the answers of the jury to Special Issues Nos. 11 and 12. Such issues and the jury's findings are as follows:

### SPECIAL ISSUE NO. 11

Do you find from a preponderance of the evidence that Judith Broussard, at the time and on the occasion in question, stopped her vehicle more suddenly than would have been done by a person of ordinary prudence, in the exercise of ordinary care, under the same or similar circumstances?

Answer "We do" or "We do not"

ANSWER: We do

If you have answered Special Issue No. 11 "We do", and only in that event, then answer:

### SPECIAL ISSUE NO. 12

Do you find from a preponderance of the evidence that such action, if you so found, was a proximate cause of the collision in question?

Answer "We do" or "We do not"

ANSWER: We do

Considering only the evidence most favorable to the jury findings, the no-evidence points are overruled. Considering the entire record, including some evidence not detailed herein the insufficient-evidence points are overruled.

This is a rear-end collision case. Mrs. Broussard was traveling east on Green Avenue. She came to a stop because of a red light. Mrs. Quebedeaux was following the Broussard car and was eight feet behind the Broussard car when she stopped. When the light turned green, Mrs. Broussard proceeded at a speed of five to ten miles per hour. Mrs. Quebedeaux proceeded forward at a speed of five to ten miles per hour. Both drivers saw the light turn green. There are four lanes on Green Avenue, two going east and two going west.

Mrs. Broussard was in the left lane next to the center of the street. When the light changed from red to green, there were cars coming toward Mrs. Broussard's car, so she pulled up about a car length and stopped suddenly. Mrs. Quebedeaux testified that when the light turned green, she started forward and Mrs. Broussard suddenly stopped, and when Mrs. Quebedeaux realized that Mrs. Broussard was going to stop, she hit her brakes and "I hit her." Mrs. Quebedeaux testified that she was about one or two feet from the Broussard vehicle when she saw it was going to stop.

Upon direct examination of the investigating officer by plaintiff, such officer testified:

As Mrs. Broussard started forward, Mrs. Quebedeaux started with her and the Broussard car stopped suddenly and whenever she did, the Quebedeaux car hit her in behind.

Patrolman Ratcliff further testified that both Mrs. Broussard and Mrs. Quebedeaux stated that Judith Broussard's car stopped suddenly. On direct examination, Mrs. Quebedeaux stated that Judith Broussard suddenly stopped.

■■ We agree with the statement in Renshaw v. Countess, 289 S.W.2d 621, 624 (Tex.Civ.App., 1956) that "a motorist following another vehicle must drive at a reasonable speed, keep back a reasonable distance, and keep his vehicle under reasonable control so as to provide for the contingency of a car in front suddenly stopping; that he must maintain a proper lookout for the car in front, so that he can stop without a collision * * *." Mrs. Quebedeaux did not maintain a reasonable distance on the occasion in question, but the jury found this was not a proximate cause of the collision. Renshaw v. Countess, supra, says this usually is a question of fact for the determination of the jury.

■ As to the question presented by Special Issue No. 12, reasonable minds can differ from the evidence in this case whether or not the sudden stop by Mrs. Broussard's car was a proximate cause of the collision.

Judgment of the trial court is affirmed.