**Odie LANE, Appellant,**

v.

**L. R. CLONINGER et ux., Appellees.**

**No. 7944.**

Court of Civil Appeals of Texas.

Amarillo.

Aug. 4, 1969.

Merchant & Barfield, Amarillo, Wayne B. Barfield, Amarillo, of counsel, for appellant.

Simpson, Adkins, Fullingim & Hankins, Amarillo, Michael C. Musick, Amarillo, of counsel, for appellees.

DENTON, Chief Justice.

This suit was instituted by Mrs. Odie Lane against L. R. Cloninger and wife for damages for personal injuries alleged to have been suffered by Mrs. Lane when the automobile in which she was a passenger was struck from the rear by the Cloninger automobile. At the conclusion of all the evidence the trial court instructed a verdict for the defendants.

The collision occurred when both cars involved were proceeding in a funeral procession in Amarillo, Texas. Mrs. Lane was a passenger in the front seat of Mrs. Sanders' automobile. It was followed by the defendants' automobile which was being driven by Mrs. Cloninger. There were some 25 cars in the police escorted procession which was moving at approximately 20 m.p.h. The Sanders and Cloninger automobiles were in the approximate center of the procession. After the cars had proceeded some five blocks from the funeral home Mrs. Sanders said the car immediately in front of her stopped. She stopped her car about one-half car length from the vehicle in front, and Mrs. Cloninger's car then struck the Sanders automobile from the rear.

The plaintiff alleged the following specific grounds of negligence against the driver of the Cloninger automobile: failure to maintain proper lookout; excess speed under the circumstances; following the plaintiff's car too closely; failure to properly apply brakes; and the failure to turn either to the left or to the right. The question is whether or not there is sufficient evidence to raise fact issues for jury determination as to whether the defendant was negligent in the manner pleaded, and whether such negligence was a proximate cause of plaintiff's injuries.

It is well settled that it is error to instruct a verdict when the evidence raises any material issue of fact. In passing upon the question of the authority of the court to instruct a verdict, as was done here, the evidence must be considered most favorably in behalf of the party against whom the verdict was instructed. A peremptory instruction is warranted only when the evidence is such that no other verdict should be rendered. Air Conditioning, Inc. v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W.2d 422; Adams v. Slattery, 156 Tex. 433, 295 S.W.2d 859; Huff v. Stafford (Tex.Civ. App.) 429 S.W.2d 620 (Dismissed). Both negligence and proximate cause may be inferred from the circumstances and it is not necessary to prove these elements by direct and positive evidence. Houston, E. & W. T. Ry. Co. v. Boone, 105 Tex. 188, 146 S.W. 533; Grossman v. Tiner (Tex.Civ.App.) 347 S.W.2d 627 (Ref. N.R.E.); Miller v. Wagoner (Tex.Civ. App.) 356 S.W.2d 363.

It is uncontradicted the funeral procession was proceeding at approximately 20 m.p.h. The procession had not stopped prior to the instance involved here. Mrs. Cloninger, the defendant, testified she was approximately one or one and one-half car lengths behind the Sanders vehicle when the latter stopped. She then "slammed on my brakes as fast as I could". This occurred in "just an instant" or within a matter of "a few seconds". In reply to the question as to "How you happened to strike this car up ahead of you?", Mrs. Cloninger answered by deposition: "Just going down the street just like everybody was doing, and all of a sudden this car stopped and I tried to stop, and it had rained, and I may have hit my brakes a little hard, and I skidded a little bit, but I couldn't—it was too close to stop without bumping her." All agreed it was not raining at the time of the incident. The speed of the procession and the approximate distances between cars was generally agreed upon by all of the

witnesses who testified. Mrs. Sanders, the driver of the automobile in which the plaintiff was riding, testified she stopped her car because the car immediately in front of her had stopped; that she had no difficulty in stopping her car; and described her stop as: "just a gradual stop"; and that she stopped within a one-half car length behind the car ahead of her. She stated that after she stopped for "a couple of seconds we were hit in the back". The collision knocked Mrs. Sanders' hat off her head and it landed in the back seat. The defendant's car was not struck by the car to its rear.

The court in Renshaw v. Countess (Tex. Civ.App.) 289 S.W.2d 621 held:

"We think it is the law that a motorist following another vehicle must drive at a reasonable speed, keep back a reasonable distance, and keep his vehicle under reasonable control so as to provide for the contingency of a car in front suddenly stopping; that he must maintain a proper lookout for the car in front, so that he can stop without a collision or can turn out and pass the vehicle in front without getting in the way of traffic approaching from the opposite direction. A question of fact as to the existence of negligence is usually presented when one motor vehicle overtakes and strikes one in front of it, going in the same direction. The collision itself is some evidence of negligence on the part of the driver who strikes a preceding car from the rear. Blashfield's Cyclopedia of Automobile Law and Practice, Perm. Ed., Vol. 2, p. 143, sec. 942; Caraway v. Behrendt, Tex.Civ.App., 224 S.W.2d 512; Mueller v. Bobbitt, Tex. Civ.App., 41 S.W.2d 466."

See also Ruffin v. J. W. Weingarten, Inc. (Tex.Civ.App.) 387 S.W.2d 761; Dallas Transit Co. v. Young (Tex.Civ.App.) 370 S.W.2d 6 (Ref. N.R.E.). Miller v. Wagoner, supra; Broussard v. Quebedeaux (Tex.Civ.App.) 428 S.W.2d 115.

 We are of the opinion that there was evidence of probative value sufficient to raise fact issues as to the negligence of the defendant driver. Because of the error of the trial court in withdrawing the cause from the jury, all appellant's points of error are sustained and the judgment is reversed and remanded for a new trial.

Reversed and remanded.