Helen M. VANDYKE, Appellant,

v.

AUSTIN INDEPENDENT SCHOOL
DISTRICT et al., Appellees.

No. 12459.

Court of Civil Appeals of Texas,
Austin.

Feb. 9, 1977.

Rehearing Denied March 9, 1977.

William S. Rose, Powers & Rose, Austin, for appellant.

Charlie D. Dye, Scott R. Kidd, Brown, Maroney, Rose, Baker & Barber, Austin, for appellees.

O'QUINN, Justice.

Helen M. Vandyke brought this lawsuit in October of 1972 against the Austin Independent School District and Thomas Griswold Seale for personal injuries sustained when her automobile was struck from the rear by a school bus, owned by the school district and driven by Seale. Defendants answered with claims of contributory negligence and unavoidable accident.

Trial was to the court without a jury. The court entered judgment for defendants and found that plaintiff failed to prove by a preponderance of the evidence that Seale was negligent. The court further found that defendants failed to prove by a preponderance of the evidence that plaintiff was contributorily negligent. The court refused to make any finding on unavoidable accident.

Plaintiff perfected her appeal and brings a single point of error, under which she contends that the trial court's judgment was so contrary to the overwhelming weight and preponderance of the evidence, on the issue of failure by Seale to keep a proper lookout as to be clearly wrong and unjust.

We will overrule the point of error and affirm judgment of the trial court.

The collision forming the basis of this suit occurred about 7 o'clock on a morning in October of 1970, either on an exit from North Interstate Highway 35 in Austin, or on the frontage road immediately north of the exit. It is undisputed that the school bus collided with the rear of the automobile driven by appellant.

Several facts concerning the accident, however, are in dispute. Mrs. Vandyke testified that the accident occurred on the exit lane. Seale, driver of the bus, testified, and report of investigation indicated, that the collision occurred on the access road, north of but near, the exit lane. The bus driver testified that the Vandyke vehicle came to an abrupt stop in front of the bus immediately prior to the accident, but appellant Vandyke denied she came to a sudden stop. Mrs. Vandyke testified that lights of her vehicle were turned on at the time of the collision, but Seale testified that lights on the Vandyke automobile were not turned on at the time the vehicles collided.

Appellant's argument rests on the premise that the nature, place, and time of the accident, together with attending conditions of visibility, indicate so clearly improper lookout on the part of the bus driver as to be almost conclusive. This contention forms the crux of appellant's position that the judgment was clearly wrong and unjust because contrary to the overwhelming weight and preponderance of the evidence.

■ When the error claimed is that the judgment is against the weight and preponderance of the evidence, this Court must consider all the evidence and will examine, weigh, and consider the entire record. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951); *Lundstrom v. Lundstrom,* 516 S.W.2d 705 (Tex.Civ.App. Corpus Christi 1974, no writ); *Texas General Indemnity Co. v. Mannhalter,* 290 S.W.2d 360 (Tex.Civ. App. Galveston 1956, no writ).

■ The trial court found that "Plaintiff [appellant] did not show by a preponderance of the evidence any negligence on the part of the defendant . . . which proximately caused the collision in question." The trial court, as the trier of facts, was the sole judge of the credibility of the

witnesses, and could believe or disbelieve any witness, in part or entirely. *Redman v. Bennett,* 401 S.W.2d 891 (Tex.Civ.App. Tyler 1966, no writ); *Gardner v. Bailey,* 376 S.W.2d 85 (Tex.Civ.App. El Paso 1964, writ ref. n. r. e.); *Farr v. Bell,* 460 S.W.2d 431 (Tex.Civ.App. Dallas 1970, writ ref. n. r. e.). The trial court's findings in a nonjury case have the same presumption of conclusiveness and weight on appeal as the verdict of a jury. *Redman v. Bennett, supra,* and cases cited 401 S.W.2d 895.

In reviewing a record where a point of error pertains to evidence regarding lookout in a collision case, this Court is required to balance substantial evidence that supports the finding against substantial evidence that is against the finding, and then determine whether the great weight and preponderance of the evidence favors or is against the finding. *Gonzalez v. Layton,* 429 S.W.2d 215, 216 (Tex.Civ.App. Corpus Christi 1968, no writ); *Gulf, Colorado & Santa Fe Railway Company v. Deen,* 158 Tex. 466, 312 S.W.2d 933 (1958); 159 Tex. 238, 317 S.W.2d 913 (1958); *Couch v. Hale,* 404 S.W.2d 920, 926 (Tex.Civ.App. Corpus Christi 1966, no writ). In reviewing the entire record, the findings below must be so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *West v. Carpenter,* 366 S.W.2d 826, 828 (Tex.Civ.App. Amarillo 1963, writ ref. n. r. e.).

When a motor vehicle overtakes and strikes the rear of a vehicle in front of the overtaking vehicle going in the same direction, a question of fact as to existence of negligence on the part of the overtaking driver is presented. "The collision itself is some evidence of negligence on the part of the driver who strikes a preceding car from the rear." *Renshaw v. Countess,* 289 S.W.2d 621, 624 (Tex.Civ.App. Fort Worth 1956, no writ); *Miller v. Wagoner,* 356 S.W.2d 363, 364 (Tex.Civ.App. Austin 1962, no writ); *Broussard v. Quebedeaux,* 428 S.W.2d 115, 117 (Tex.Civ.App. Beaumont 1968, no writ); *Hardberger v. O'Dell,* 544 S.W.2d 522 (Tex.Civ.App. Austin 1976, no writ). In both *Renshaw v. Countess* and

*Miller v. Wagoner* the collision occurred at an intersection, a fact situation different from the case on appeal, and in *Broussard v. Quebedeaux* the collision appears to have occurred at an intersection, with the principal question concerning the sudden stop of the driver in front, after a traffic control change and both cars had started up.

History of the proposition that a collision itself is some evidence of negligence may be traced to decision in *Rankin v. Nash-Texas Co.,* 73 S.W.2d 680, 684 (Tex.Civ.App. Dallas 1934), rev'd in part, aff'd in part 129 Tex. 396, 105 S.W.2d 195 (Tex.Com.App.1937, opinion adopted). The Court of Civil Appeals said, "The collision, under ordinary circumstances, furnishes some evidence of negligent acts or omissions on the part of the driver of the trailing vehicle, which ordinarily calls upon the driver of the rear vehicle to explain and usually presents a question of fact for the determination of a jury." 73 S.W.2d 684. The court concluded, ". . . however, [is] that the evidence . . . does not present an ordinary circumstance of the front car stopping as to raise a presumptive issue of negligence of the operator of the rear vehicle . . . ." because in that case the driver of the front car stopped when confronted with "the sudden and abrupt appearance of another [a third] automobile backing in" the front driver's pathway, causing "the attendant happening, involving the" trailing automobile.

The Commission of Appeals simply stated, "The occurrence of an accident, or a collision, is not of itself evidence of negligence." 105 S.W.2d 199. But case law subsequent to *Renshaw* appears to support the position that an accident itself, involving a rear-end collision occurring as one vehicle is following another in the same direction, is some evidence of negligence. *Boddy v. Canteau,* 441 S.W.2d 906, 912 (Tex. Civ.App. San Antonio 1969, writ ref. n. r. e.), citing both *Miller v. Wagoner, supra,* and *Renshaw v. Countess, supra,* and quoting from *Renshaw* ; *Manning v. Block,* 322 S.W.2d 651 (Tex.Civ.App. Beaumont 1959, writ ref. n. r. e.), also following and citing

*Renshaw.* The Court of Civil Appeals, in *Boddy v. Canteau,* observed that "the occurrence of an accident or collision is not in itself evidence of negligence." In reliance on decision of the Commission of Appeals in *Rankin v. Nash-Texas Co.,* but in reliance on the rule of *Renshaw* that court stated, "Both negligence and proximate cause may be inferred from the circumstances" in a rear-end collision 441 S.W.2d 911.

The mere occurrence, however, of a rear-end collision will not present evidence of negligence as a matter of law, and specific acts of negligence on the part of the driver of the trailing vehicle must be proved and that the act proved was a proximate cause of the collision. *O'Neill v. Craig,* 493 S.W.2d 898, 901 (Tex.Civ.App. Corpus Christi 1973, writ ref. n. r. e.; cert. denied, 415 U.S. 919, 94 S.Ct. 1418, 39 L.Ed.2d 474); *Chapin v. Hunt,* 521 S.W.2d 123, 125 (Tex. Civ.App. Beaumont 1975, writ dism'd).

 In this case appellant, as plaintiff below, had the burden of proving that the bus driver failed to keep a proper lookout. *Daggett v. McReynolds,* 459 S.W.2d 475, 477 (Tex.Civ.App. Houston (14th) 1970, no writ). Acts of negligence must be proved and must be established as a proximate cause of the collision before the party in the lead vehicle may recover. *O'Neill v. Craig, supra.* Proof of negligence and proximate cause need not be by direct and positive testimony only, but may be based on inference from the circumstances of the collision. *Barkley v. Dudley,* 495 S.W.2d 280, 282 (Tex.Civ.App. Houston (1st) 1973, writ ref. n. r. e.). Whether it is possible to establish negligence as a matter of law, or simply to raise it as an issue, depends on the facts and circumstances of the particular case. *Pacific Finance Corporation v. Rucker,* 392 S.W.2d 554, 558 (Tex.Civ.App. Houston 1965, no writ); *Sherwin-Williams Paint Company v. Card,* 449 S.W.2d 317, 320 (Tex. Civ.App. San Antonio 1970, no writ).

In this case a fact question, as to the existence of negligence, was presented by proof that the school bus collided with the preceding automobile driven by appellant. Negligent lookout by the bus driver was an

issue to be determined by the judge as trier of the facts. The trial court determined the credibility of the witnesses and assessed the weight to be given to the conflicting testimony. On appeal this Court is not authorized to substitute its judgment for that of the trial court, even though, based on the facts proved at trial, the appellate court might have reached a different conclusion. *Vega v. Royal Crown Bottling Company,* 526 S.W.2d 729, 736 (Tex.Civ.App. Corpus Christi 1975, no writ).

We have concluded, after examination of the entire record, that the finding of the trial court was not contrary to an overwhelming preponderance of the evidence, and that the appellant's point of error should be overruled.

Judgment of the trial court is affirmed.