TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00473-CV






Johnathan Leija, Appellant



v.



Juanita Aguillon, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT


NO. 151,715-B, HONORABLE RICK MORRIS, JUDGE PRESIDING 






PER CURIAM


 Johnathan Leija sued Juanita Aguillon for damages arising from an automobile collision. 
He appeals the take-nothing judgment rendered upon the jury's failure to find that Aguillon negligently and
proximately caused the collision. By his sole point of error, he contends that the jury's failure to find was
against the great weight and preponderance of the evidence. He contends that the trial court erred by
overruling his motion for new trial that was based on the same assertion of error. We will affirm the
judgment.

 The chain of events leading to the wreck is not disputed here; on appeal, the dispute is
whether the great weight and preponderance of the evidence established that Aguillon's negligence
proximately caused the wreck. Several cars lined up at a traffic light moved forward when the light turned
green. The first three stopped suddenly just past the intersection without incident. Debra Hix, driving the
fourth car, stopped safely, as did Leija's truck behind her. But Aguillon's car crashed into Leija's truck
from behind, pushing it into Hix's car. The jury refused to find that negligence by either Aguillon or Leija
proximately caused the occurrence. Leija disputes that refusal as to Aguillon.

 When reviewing the jury's failure to find a particular issue, we look at all the evidence and
will only reverse and remand for a new trial when we conclude that the failure to find is against the great
weight and preponderance of the evidence. Cropper v. Caterpillar Tractor Co., 754 S.W.2d 646, 651
(Tex. 1988). We are mindful that the jury was not convinced by a preponderance of evidence and that
we are not entitled to reverse merely because we conclude that the evidence preponderates toward an
affirmative answer. Herbert v. Herbert, 754 S.W.2d 141, 144 (Tex. 1988).

 The testimony relevant to the negligence and causation issues came from Leija, Hix, and
Patrick Mullins, the investigating officer. Aguillon did not testify. Mullins did not see the accident, but
testified about what the participants told him at the scene. Aguillon told the officer she saw the traffic in
front of her stop, but could not avoid hitting Leija's truck; Mullins neither wrote in his report nor recalled
that she said anything about Leija's brake lights not working. Mullins said Hix and Leija told him the same
story--that Leija stopped his car but was pushed into Hix by the impact from Aguillon. Hix and Leija
repeated that version of the accident in their testimony at trial.

 Leija, however, made some seemingly inconsistent statements at trial. The most relevant
to causation regarded when he checked to see whether his brake lights were working. His truck passed
inspection in late 1993, indicating that his brake lights worked then. He said he had no indication before
the accident that the lights were not working. He testified that Aguillon said nothing to him on the day of
the accident about not seeing his brake lights. He said he checked his lights (and found them working)
when he learned that Aguillon was complaining about his brake lights; he first said he learned of her
complaint at her deposition (a year after the accident), but he also said that he learned of the complaint
about two months after the accident. Then he testified that he checked them nine days after the accident
when he repaired the plastic covers of the taillights, but not the bulbs. At the end of cross-examination on
this issue, he stated that he had checked the lights at all these times because he maintained his truck. We
note that there was no direct testimony that Leija's lights were not working at the time of the accident. 
However, Aguillon's attorney also noted some inconsistencies in Leija's testimony regarding his work
schedule and between his recollection and physician's records. These inconsistencies may have discredited
his testimony in the jury's evaluation.

 Leija seeks to invoke a statute to compel a conclusion that the trailing vehicle must be found
negligent and the proximate cause of any rear-end collision. See Tex. Transp. Code Ann. § 545.062 (West
1997). (1) Subsection (a) of this statute continues to require that a trailing vehicle maintain an "assured clear
distance" from a preceding vehicle such that, considering the traffic, speed, and road conditions, the trailing
vehicle can safely stop without colliding with the preceding vehicle or anything else. Id. Not every violation
of this statute, however, is negligence as a matter of law. Caughman v. Glaze, 412 S.W.2d 357, 362
(Tex. Civ. App.--San Antonio 1967, writ ref'd n.r.e.).

 Leija cites several cases in which appellate courts reversed juries' failures to find that a
trailing driver's negligence proximately caused a rear-end collision. The most compelling comparisons are
to Clark v. Waggoner, 452 S.W.2d 437 (Tex. 1970), and Priest v. Myers, 598 S.W.2d 359 (Tex. Civ.
App--Houston [14th Dist.] 1980, no writ). The trailing driver in Clark admitted that he looked away
from the road at street addresses and hit the preceding car when it stopped unexpectedly; he said he could
have stopped in time had he been watching the preceding car. 452 S.W.2d at 438-39. The jury found
the trailing driver negligent for failing to keep a proper lookout, but declined to find that the failure was a
proximate cause of the accident. Id. The trial court granted the plaintiff's motion to disregard the failure
to find, but the appellate court reversed that ruling. Id. The supreme court reversed the appellate court,
holding that, as a matter of law, the defendant's failure to keep a proper lookout foreseeably resulted in
the accident. Id. at 440.

 In Priest, a line of cars entering a Houston freeway at rush hour came to a quicker-than-normal stop; the last car in the string did not stop in time and rear-ended the car in front of it, pushing it into
the next car. 598 S.W.2d at 361. The driver of the rear-ending car admitted that he looked over his
shoulder to try to change lanes, then looked back to find the cars stopped in front of him. Id. The jury
found him negligent for failing to keep an assured clear distance from the preceding car, but declined to find
that his actions proximately caused the wreck. Id. Relying on Clark, the court of appeals reversed,
holding that the failure to keep an assured clear distance was the proximate cause of the accident. Id. at
362. The court reasoned that, because the line of cars preceding him was able to stop safely, the fact that
he initiated a collision led to the inference that his negligence was the proximate cause of the wreck. Id.
at 362-63.

 The Clark and Priest decisions are distinguishable. In each case, the jury found the rear-ending driver negligent based on the driver's own version of events; the appellate courts merely reversed
the failure to find that the negligence was a proximate cause of the accident. Aguillon has not similarly
admitted, nor did the jury find, that she acted negligently. The testimony is only that she could not stop in
time to avoid hitting Leija, not that she looked away or over her shoulder. Also, neither cited case has an
intimation of negligence by the lead vehicle, as here with the question over the functionality of Leija's brake
lights. We therefore instead look to Vandyke v. Austin Indep. Sch. Dist., 547 S.W.2d 354 (Tex. Civ.
App.--Austin 1977, no writ). A school bus rear-ended a car on or shortly after an exit ramp from a
freeway. Testimony differed as to whether the car stopped suddenly or had its lights on. Id. at 355. The
trial court, as fact finder, determined that neither party had proved negligence by the other. Id. On appeal,
this Court held that the mere occurrence of a rear-end collision does not prove negligence as a matter of
law, and that plaintiffs must show specific acts of negligence by the trailing driver. Id. at 357. Though the
Court opined that negligence could be proved by inference, it declined to reverse the trial court's refusal
to find negligence. Id.

 We must similarly defer to the jury's determination here. Though Leija argued strongly for
an inference of negligence by Aguillon, the jury was unconvinced. We are not persuaded that the absence
of alternate explanations for the crash in this case constitutes a great weight of evidence mandating that we
overturn the jury's failure to find.. We decline to overturn the jury verdict in the absence of any evidence
of negligence by Aguillon beyond the fact of the collision.

 We overrule the sole point of error and affirm the judgment.



Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: March 20, 1997

Do Not Publish

1. At the time of the collision, this statute was found at Tex. Rev. Civ. Stat. Ann. art 6701d § 61(a). 
The current text, although somewhat revised, is essentially unchanged in meaning. No instruction or
question regarding this statute was included in the charge.


ompelling comparisons are
to Clark v. Waggoner, 452 S.W.2d 437 (Tex. 1970), and Priest v. Myers, 598 S.W.2d 359 (Tex. Civ.
App--Houston [14th Dist.] 1980, no writ). The trailing driver in Clark admitted that he looked away
from the road at street addresses and hit the preceding car when it stopped unexpectedly; he said he could
have stopped in time had he been watching the preceding car. 452 S.W.2d at 438-39. The jury found
the trailing driver negligent for failing to keep a proper lookout, but declined to find that the failure was a
proximate cause of the accident. Id. The trial court granted the plaintiff's motion to disregard the failure
to find, but the appellate court reversed that ruling. Id. The supreme court reversed the appellate court,
holding that, as a matter of law, the defendant's failure to keep a proper lookout foreseeably resulted in
the accident. Id. at 440.

 In Priest, a line of cars entering a Houston freeway at rush hour came to a quicker-than-normal stop; the last car in the string did not stop in time and rear-ended the car in front of it, pushing it into
the next car. 598 S.W.2d at 361. The driver of the rear-ending car admitted that he looked over his
shoulder to try to change lanes, then looked back to find the cars stopped in front of him. Id. The jury
found him negligent for failing to keep an assured clear distance from the preceding car, but declined to find
that his actions proximately caused the wreck. Id. Relying on Clark, the court of appeals reversed,
holding that the failure to keep an assured clear distance was the proximate cause of the accident. Id. at
362. The court reasoned that, because the line of cars preceding him was able to stop safely, the fact that
he initiated a collision led to the inference that his negligence was the proximate cause of the wreck. Id.
at 362-63.

 The Clark and Priest decisions are distinguishable. In each case, the jury found the rear-ending driver negligent based on the driver's own version of events; the appellate courts merely reversed
the failure to find that the negligence was a proximate cause of the accident. Aguillon has not similarly
admitted, nor did the jury find, that she acted negligently. The testimony is only that she could not stop in
time to avoid hitting Leija, not that she looked away or over her shoulder. Also, neither cited case has an
intimation of negligence by the lead vehicle, as here with the question over the functionality of Leija's brake
lights. We therefore instead look to Vandyke v. Austin Indep. Sch. Dist., 547 S.W.2d 354 (Tex. Civ.
App.--Austin 1977, no writ). A school bus rear-ended a car on or shortly after an exit ramp from a
freeway. Testimony differed as to whether the car stopped suddenly or had its lights on. Id. at 355. The
trial court, as fact finder, determined that neither party had proved negligence by the other. Id. On appeal,
this Court held that the mere occurrence of a rear-end collision does not prove negligence as a matter of
law, and that plaintiffs must show specific acts of negligence by the trailing driver. Id. at 357. Though the
Court opined that negligence could be proved by inference, it de