TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00128-CV







Patricia A. Mansell, Appellant



v.



Robbie Messenger, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 94-06511, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING








 Patricia A. Mansell appeals from a take-nothing judgment rendered on the jury's
verdict in a negligence action against Robbie Messenger. We will affirm the judgment.


THE CONTROVERSY

 Mansell sustained personal injuries when the automobile in which she was a
passenger was struck from the rear, while stopped at an intersection, by a van driven by
Messenger. Mansell and Messenger argued after the collision. Mansell could not imagine what
excuse Messenger might have for the collision but he appeared to blame her and her mother (who
was driving the vehicle in which Mansell was a passenger) for the collision. A police officer
interviewed Mansell and Messenger at the scene, but no police report was filed and no citation was
issued. The foregoing summarizes all the evidence surrounding the collision. The evidence was
given by Mansell and her mother; Messenger did not testify in the case and was not present for
the trial. 

 The jury answered "no" in response to the query "[d]id the negligence, if any, of
Robbie Messenger proximately cause the occurrence in question?" On that answer, the trial court
rendered judgment that Mansell take nothing.


DISCUSSION AND HOLDINGS

 In her first point of error, Mansell declares that the evidence "was clear, direct, and
uncontroverted" that Messenger's negligence caused the collision and the jury's "no" answer is
therefore "clearly wrong or, in the alternative, against the great weight and preponderance of the
evidence."

 Mansell bore the burden of providing evidence and the burden of persuasion
regarding the negligence she alleged against Messenger. (1) Her evidence proved only the fact that
a rear-end collision occurred. This entitled Mansell to a jury question on the issue of negligence. 
Evidence of this character did not, however, establish as a matter of law Messenger's failure to
exercise ordinary care and proximate cause. See Neese v. Dietz, 845 S.W.2d 311, 314 (Tex.
App--Houston [1st Dist.] 1992, writ denied); Vandyke v. Austin Indep. Sch. Dist., 547 S.W.2d
354, 357 (Tex. Civ. App.--Austin 1977, no writ). Mansell was obliged to prove specific acts or
omissions on Messenger's part as well as proximate cause. Id. No evidence to that effect was
introduced. 

 Was the jury's failure to find negligence so contrary to the overwhelming weight
of the evidence as to be clearly wrong and unjust? See Pool v. Ford Motor Co., 715 S.W.2d 629,
633-35 (Tex. 1986); Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); In re King's Estate, 244
S.W.2d 660, 661 (Tex. 1951). We believe not. The point of error invokes our fact-finding
power. See Traylor v. Goulding, 497 S.W.2d 944, 945 (Tex. 1973). While we cannot say we
would have reached the same "no" answer reached by the jury, we also cannot say the jury's
answer must have been actuated by prejudice, sympathy, or other incorrect motive. See W. St.
John Garwood, The Question of Insufficient Evidence of Appeal, 30 Tex. L. Rev. 803, 812 (1953). 
"Standards of ordinary care cannot be fixed with any degree of certainty but must be left in large
measure to the trier of fact" and the inferences and deductions reasonably made from the facts and
circumstances shown. Gaitan v. Reyes Salvatierra, 485 S.W.2d 602, 604 (Tex. Civ. App.--San
Antonio 1972, no writ). We overrule Mansell's first point of error.

 In her second point of error, Mansell contends she is entitled to a new trial under
Tex. R. App. P. 34.6(f) because the written evidence of Messenger's identity, an insurance
information form, was not marked and indexed with the court reporter's volume of exhibits. The
uncontradicted testimony of Mansell and her mother established Messenger's identity as the
trailing driver. (2) Any written evidence of his identity is cumulative. Moreover, the issue of
Messenger's identity was not an issue before the jury. A ruling on the admissibility of evidence
when the evidence in question is cumulative and not controlling on a material issue of the case is
not ground for reversible error. See Gee v. Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 396
(Tex. 1989). We overrule Mansell's second point of error.

 In her third and final point of error, Mansell contends Messenger did not comply
with the service requirements of Texas Rules of Civil Procedure 21a and 245. As a result,
Mansell argues, she received inadequate notice of the new trial date and did not have adequate
time to prepare for trial. Mansell originally raised this complaint in a Motion to Strike Certificate
of Service, to Quash Trial Setting for Lack of Notice, and for Sanctions. The trial court deemed
the motion to be a motion to continue the first trial setting and denied the motion. 

 The granting or denial of a motion for continuance is within the trial court's sound
discretion, and its exercise of such discretion will not be disturbed on appeal unless the record
shows a clear abuse of discretion. See Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986). The
record shows that Messenger served Mansell at least twenty-one days before the date of the new
trial. Mansell contends the case should have been set for trial only if the setting provided for
forty-five days notice. See Arkla, Inc. v. Harris, 846 S.W.2d 623, 628 (Tex. App.--Houston
[14th Dist.] 1993, no writ). We disagree. 

 When parties have previously set a case for trial, Texas Rule of Civil Procedure 245
does not require a forty-five day notice period. (3) See O'Connell v. O'Connell, 843 S.W.2d 212,
215 (Tex. App.--Texarkana 1992, no writ). The setting in question was the second in this case, 
therefore the second clause of Rule 245, requiring "reasonable notice" instead of forty-five days
notice, was applicable. We hold the trial court did not abuse its discretion in denying Mansell's
motion for continuance and overrule Mansell's third point of error.

 We affirm the trial court judgment.



 

 John Powers, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: November 19, 1998

Do Not Publish

1. Mansell alleged Messenger failed to exercise ordinary care in the following particulars: (a)
failing to apply his brakes timely; (b) failing to maintain a proper lookout; (c) failing to turn his
vehicle to avoid the collision; (d) driving at an excessive speed in the circumstances; (e) failing
to yield the right of way; and (f) following too closely in violation of Texas Revised Civil Statutes
article 61(a), which was negligence per se.
2. No evidence was introduced that Messenger was not the driver of the van.
3. Rule 245 reads, in relevant part, 


The court may set contested cases on written request of any party, or on the court's
own motion, with reasonable notice of not less than forty-five days to the parties of
a first setting for trial, or by agreement of the parties; provided, however, that when
a case previously has been set for trial, the Court may reset said contested case to a
later date on any reasonable notice to the parties or by agreement of the parties.


Tex. R. Civ. P. 245.


f error.

 In her second point of error, Mansell contends she is entitled to a new trial under
Tex. R. App. P. 34.6(f) because the written evidence of Messenger's identity, an insurance
information form, was not marked and indexed with the court reporter's volume of exhibits. The
uncontradicted testimony of Mansell and her mother established Messenger's identity as the
trailing driver. (2) Any written evidence of his identity is cumulative. Moreover, the issue of
Messenger's identity was not an issue before the jury. A ruling on the admissibility of evidence
when the evidence in question is cumulative and not controlling on a material issue of the case is
not ground for reversible error. See Gee v. Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 396
(Tex. 1989). We overrule Mansell's second point of error.

 In her third and final point of error, Mansell contends Messenger did not comply
with the service requirements of Texas Rules of Civil Procedure 21a and 245. As a result,
Mansell argues, she received inadequate notice of the new trial date and did not have adequate
time to prepare for trial. Mansell originally raised this complaint in a Motion to Strike Certificate
of Service, to Quash Trial Setting for Lack of Notice, and for Sanctions. The trial court deemed
the motion to be a motion to continue the first trial setting and denied the motion. 

 The granting or denial of a motion for continuance is within the trial court's sound
discretion, and its exercise of such discretion will not be disturbed on appeal unless the record
shows a clear abuse of discretion. See Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986). The
record shows that Messenger served Mansell at least twenty-one days before the date of the new
trial. Mansell contends the case should have been set for trial only if the setting provided for
forty-five days notice. See Arkla, Inc. v. Harris, 846 S.W.2d 623, 628 (Tex. App.--Houston
[14th Dist.] 1993, no writ). We disagree. 

 When parties have previously set a case for trial, Texas Rule of Civil Procedure 245
does not require a forty-five day notice period. (3) See O'Connell v. O'Connell, 843 S.W.2d 212,
215 (Tex. App.--Texarkana 1992, no writ). The setting in question was the second in this case, 
therefore the second clause of Rule 245, requiring "reasonable notice" instead of forty-five days
notice, was applicable. We hold the trial court did not abuse its discretion in denying Mansell's
motion for continuance and overrule Mansell's third point of error.

 We affirm the trial court judgment.



 

 John Powers, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: November 19, 1998

Do Not Publish

1. Mansell alleged Messenger failed to exercise ordinary care in the following particulars: (a)
failing to apply his brakes timely; (b) failing to maintain a proper lookout; (c) failing to turn his
vehicle to avoid the collision; (d) driving at