TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00027-CV







Kathryn Hall, Appellant



v.



Janet M. Moore and Danny Moore, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 98-01733, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING







 Appellant Kathryn Hall sued appellee Janet M. Moore for injuries sustained in an
auto accident between the two. (1) Following a jury trial in which the jury returned a verdict in
favor of Moore, the trial court rendered a take-nothing judgment. On appeal, Hall contends the
material jury finding is against the great weight and preponderance of the evidence. We will
affirm the trial court's judgment.


FACTUAL AND PROCEDURAL BACKGROUND


 Hall and Moore were involved in a traffic accident on North Lamar Boulevard in
Austin, Texas, on a February afternoon in 1996. It is not disputed that weather conditions were
normal and both parties' brakes were functioning properly. Nor is it disputed that Moore's car
struck Hall's car from behind. There are, however, some discrepancies between Hall's and
Moore's accounts of the accident. Hall testified that as she was driving north on Lamar, the cars
in front of her stopped, requiring her to apply her brakes and come to a full stop. She stated that
she did not expect to be hit from behind because the stop was a normal stop.

 Moore's version is slightly different. Moore testified that she and Hall were
traveling south on North Lamar, and that she was stopped behind Hall at a red light. There were
roughly three cars in front of Hall at the red light. When the light turned green and they
accelerated toward the intersection, Hall put on her brakes and came to a quick stop about halfway
between where they had been stopped and the intersection. Moore claims as soon as she saw
Hall's brake lights come on she applied her own brakes but was unable to stop her car before it
bumped Hall's. Moore was driving a Honda, while Hall was driving a van; therefore, Moore
could not testify as to why Hall had stopped suddenly since her vision was blocked. Moore claims
she was traveling roughly five to ten miles per hour when she saw Hall's brake lights and less
than five miles per hour when her car made contact with Hall's.

 Hall attempted to prove at trial that Moore was negligent in following too closely
and that she would have been able to avoid the accident if she had not been following so closely. (2) 
To the question, "Did the negligence, if any, of JANET M. MOORE proximately cause the
accident in question?" the jury answered "No." On appeal, Hall contends the jury's negative
answer was against the great weight and preponderance of the evidence and should therefore be
set aside and a new trial ordered.


DISCUSSION


 "When the error claimed is that the judgment is against the weight and
preponderance of the evidence, this Court must consider all the evidence and will examine, weigh,
and consider the entire record." Vandyke v. Austin Indep. Sch. Dist., 547 S.W.2d 354, 355 (Tex.
Civ. App.--Austin 1977, no writ); see also In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951);
Lundstrom v. Lundstrom, 516 S.W.2d 705, 706 (Tex. Civ. App.--Corpus Christi 1974, no writ). 
Before we can sustain such a complaint, the findings below must be so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. See Cain v. Bain, 709
S.W.2d 175, 176 (Tex. 1986).

 This Court has stated that "[w]hen a motor vehicle overtakes and strikes the rear
of a vehicle in front of the overtaking vehicle going in the same direction, a question of fact as
to existence of negligence on the part of the overtaking driver is presented." Vandyke, 547
S.W.2d at 356. Texas courts, including this Court, have consistently held that, though a rear-end
collision may be some evidence of negligence of the rear-end driver, it is not negligence as a
matter of law. See Stone v. Sulak, 994 S.W.2d 348, 351 (Tex. App.--Austin 1999, no pet.); Neese
v. Dietz, 845 S.W.2d 311, 314 (Tex. App.--Houston [1st Dist.] 1992, writ denied); Smith v.
Central Freight Lines, Inc., 774 S.W.2d 411, 412 (Tex. App.--Houston [14th Dist.] 1989, writ
denied); Vandyke, 547 S.W.2d at 356; Renshaw v. Countess, 289 S.W.2d 621, 624 (Tex. Civ.
App.--Fort Worth 1956, no writ). But see Texas Highway Dep't v. Broussard, 615 S.W.2d 326,
329 (Tex. Civ. App.--Fort Worth 1981, writ ref'd n.r.e.). Therefore, a plaintiff must prove
specific acts of negligence on the part of the following driver and must also prove proximate
cause. See Weaver v. U.S. Testing Co., 886 S.W.2d 488, 490 (Tex. App.--Houston [1st Dist.]
1994, writ denied); Neese, 845 S.W.2d at 314; Chapin v. Hunt, 521 S.W.2d 123, 125 (Tex. Civ.
App.--Beaumont 1975, writ dism'd); O'Neill v. Craig, 493 S.W.2d 898, 901 (Tex. Civ.
App.--Corpus Christi 1973, writ ref'd n.r.e.), cert. denied, 415 U.S. 919 (1974). Hall, as plaintiff
below, had the burden of proving that Moore failed to keep a proper distance and that such failure
was the proximate cause of the accident.

 In the present case, a fact question as to the existence of negligence was presented
by proof that Moore's vehicle collided with the preceding automobile driven by Hall. Whether
Moore's following too closely constituted negligence that was a proximate cause of the accident
was an issue to be determined by the jury as trier of fact. The jury determined the credibility of
the witnesses and assessed the weight to be given the conflicting testimony. If the jury chose to
believe Moore's testimony (as it appears they did) that Hall stopped abruptly, then they were 
justified in finding that it was not Moore's distance from the preceding vehicle that caused the
accident, but rather Hall's abrupt and unexplained stop.

 On appeal, this Court is not authorized to substitute its judgment for that of the
jury, even if, based on the facts proved at trial, we might have reached a different conclusion had
we been the trier of fact. See Vega v. Royal Crown Bottling Co., 526 S.W.2d 729, 736 (Tex.
Civ. App.--Corpus Christi 1975, no writ). After examining the entire record, we conclude that
the finding of the jury was not so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. We therefore overrule appellant's point of error.


CONCLUSION

 The judgment of the district court is affirmed.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Yeakel

Affirmed

Filed: October 28, 1999

Do Not Publish

1. Hall also sued Moore's husband, Danny, on alternative theories of negligent entrustment
and agency, but no questions were submitted to the jury on those theories.
2. Hall's first amended petition alleged that Moore: (1) failed to maintain a proper lookout,
(2) followed more closely than was reasonable and prudent, (3) failed to timely apply the brakes
to avoid the collision, (4) failed to apply the brakes in order to avoid the collision, (5) drove at
a higher speed than an ordinary prudent person would have driven under the same or similar
conditions, (6) failed to turn her vehicle to the right in an effort to avoid the collision in question,
and (7) failed to sound her horn. At trial, however, appellant adduced evidence only as to the
charge that appellee was following too closely to stop in time.


 175, 176 (Tex. 1986).

 This Court has stated that "[w]hen a motor vehicle overtakes and strikes the rear
of a vehicle in front of the overtaking vehicle going in the same direction, a question of fact as
to existence of negligence on the part of the overtaking driver is presented." Vandyke, 547
S.W.2d at 356. Texas courts, including this Court, have consistently held that, though a rear-end
collision may be some evidence of negligence of the rear-end driver, it is not negligence as a
matter of law. See Stone v. Sulak, 994 S.W.2d 348, 351 (Tex. App.--Austin 1999, no pet.); Neese
v. Dietz, 845 S.W.2d 311, 314 (Tex. App.--Houston [1st Dist.] 1992, writ denied); Smith v.
Central Freight Lines, Inc., 774 S.W.2d 411, 412 (Tex. App.--Houston [14th Dist.] 1989, writ
denied); Vandyke, 547 S.W.2d at 356; Renshaw v. Countess, 289 S.W.2d 621, 624 (Tex. Civ.
App.--Fort Worth 1956, no writ). But see Texas Highway Dep't v. Broussard, 615 S.W.2d 326,
329 (Tex. Civ. App.--Fort Worth 1981, writ ref'd n.r.e.). Therefore, a plaintiff must prove
specific acts of negligence on the part of the following driver and must also prove proximate
cause. See Weaver v. U.S. Testing Co., 886 S.W.2d 488, 490 (Tex. App.--Houston [1st Dist.]
1994, writ denied); Neese, 845 S.W.2d at 314; Chapin v. Hunt, 521 S.W.2d 123, 125 (Tex. Civ.
App.--Beaumont 1975, writ dism'd); O'Neill v. Craig, 493 S.W.2d 898, 901 (Tex. Civ.
App.--Corpus Christi 1973, writ ref'd n.r.e.), cert. denied, 415 U.S. 919 (1974). Hall, as plaintiff
below, had the burden of proving that Moore failed to keep a proper distance and that such failure
was the proximate cause of the accident.

 In the present case, a fact question as to the existence of negligence was presented
by proof that Moore's vehicle collided with the preceding automobile driven by Hall. Whether
Moore's following too closely constituted negligence that was a proximate cause of the accident
was an issue to be determined by the jury as trier of fact. The jury determined the credibility of
the witnesses and assessed the weight to be given the conflicting testimony. If the jury chose to
believe Moore's testimony (as it appears they did) that Hall stopped abruptly, then they were 
justified in finding that it was not Moore's distance from the preceding vehicle that caused the
accident, but rather Hall's abrupt and unexplained stop.

 On appeal, this Court is not authorized to substitute its judgment for that of the
jury, even if, based on the facts proved at trial, we might have reached a different conclusion had
we been the trier of fact. See Vega v. Royal Crown Bottling Co., 526 S.W.2d 729, 736 (Tex.
Civ. App.--Corpus Christi 1975, no writ). After examining the entire record, we conclude that
the finding of the jury was not so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. We therefore overrule appellant's point of error.


CONCLUSION

 The judgment of the district court is affirmed.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Yeakel

Affirmed

Filed: October 28, 1999

Do Not Publish

1. Hall also sued Moore's husband, Danny, on alternative theories of negligent entrustment
and agency, but no questions were submitted to the jury on those theories.
2. Hall's first amended petition alleged that Moore: (1) failed to maintain a proper lookout,
(2) followed more closely than was reasonable and prudent, (3) failed to timely apply the brakes
to avoid the collision, (4) failed to apply the brakes in order to avoid the collision, (5) drove at
a higher speed than an ordinary prudent person would have driven under the same or similar
conditions, (6)