**Affirmed and Memorandum Opinion filed October 29, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00574-CV

---

## LYDIA TOUSANT, SAMUEL NEWTON, SAMUEL NEWTON, JR., AND SIR ISAAC NEWTON, Appellants

## V.

## MARY BUCHANAN, Appellee

---

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2015-52329**

---

# MEMORANDUM OPINION

The plaintiffs in this automobile-accident case appeal the trial court's take-nothing judgment on the jury's verdict, asserting that the trial court erred in charging the jury and that the evidence is legally and factually insufficient to support the jury's finding that the plaintiffs did not prove by a preponderance of evidence that the negligence, if any, of the defendant proximately caused the collision. We affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff Lydia Tousant was driving a vehicle traveling west on Highway 610 in Houston, Texas. Lydia's husband, appellant/plaintiff Samuel Newton, and their sons, appellants/plaintiffs Samuel Newton, Jr. and Sir Isaac Newton, were passengers in the vehicle. Tousant brought her vehicle to a stop on the highway, and a vehicle driven by appellee/defendant Mary Buchanan struck Tousant's vehicle from behind.

Tousant, Samuel Newton, Samuel Newton, Jr., and Sir Isaac Newton (collectively the "Tousant Parties") filed suit against Buchanan alleging that Buchanan's negligence proximately caused the collision and the Tousant Parties' personal injuries. The case proceeded to a jury trial, and the jury answered "no" to the question, "Did the negligence, if any, of Mary Buchanan proximately cause the occurrence in question?" Because of the jury's negative answer to this question, the jury did not answer the damages questions.

The Tousant Parties filed a motion for judgment notwithstanding the verdict in which they asserted that the evidence is legally insufficient to support the jury's answer. The trial court signed a final take-nothing judgment on the jury's verdict, implicitly denying the Tousant Parties' motion for judgment notwithstanding the verdict. The Tousant Parties filed a timely motion for new trial in which they asserted that the evidence is legally and factually insufficient to support the jury's answer. The Tousant Parties' motion for new trial was overruled by operation of law. The Tousant Parties timely appealed.

## II. ISSUES AND ANALYSIS

Liberally construing the Tousant Parties' appellate brief, we conclude they assert that the trial court erred in charging the jury and that the evidence is legally

and factually insufficient to support the jury's answer.

**A.    Did the Tousant Parties preserve error as to their complaint that the trial court erred in failing to submit a question or instruction regarding "proper lookout"?**

In their second issue, the Tousant Parties assert that the trial court erred by failing to submit to the jury the question requested by the Tousant Parties regarding "proper lookout."  Under this issue, the Tousant Parties also assert that the trial court denied their request that "an element of proper lookout be included in the charge."  Thus, it appears that the Tousant Parties also may be complaining that the trial court failed to submit to the jury an instruction on "proper lookout."  The sole objection or request the Tousant Parties made at the charge conference consisted of ten words: "The only objection I would make is excluding proper lookout."  Buchanan did not rely on any question regarding "proper lookout."  In this context, to preserve error on their complaint that the trial court improperly omitted a question or instruction on "proper lookout," the Tousant Parties had to do more than just object.  The law required them to (1) tender a written request to the trial court for submission of the question or instruction, (2) which is "in substantially correct wording."  *See* Tex. R. Civ. P. 278; *Bayer Corp. v. DX Terminals, Ltd.*, 214 S.W.3d 586, 603 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).  Because the record does not reflect that the Tousant Parties tendered a written request, they failed to preserve error in the trial court on their second issue.  *See* Tex. R. Civ. P. 278; *Bayer Corp.*, 214 S.W.3d at 603.  Therefore, we overrule it.

**B.    Is the evidence legally and factually sufficient to support the jury's answer?**

Under their first and third issues, the Tousant Parties assert that the evidence is legally and factually insufficient to support the jury's answer to Question 1.  When reviewing the legal sufficiency of the evidence, we consider the evidence in

3

the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson,* 168 S.W.3d 802, 823 (Tex. 2005). We must credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *See id.* at 827. We must determine whether the evidence at trial would enable reasonable and fair-minded people to find the facts at issue. *See id.* The factfinder is the only judge of witness credibility and the weight to give to testimony. *See id.* at 819. When reviewing a challenge to the factual sufficiency of the evidence, we examine the entire record, considering both the evidence in favor of, and contrary to, the challenged finding. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998). After considering and weighing all the evidence, we set aside the fact finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* The trier of fact is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *GTE Mobilnet of S. Tex. v. Pascouet*, 61 S.W.3d 599, 615–16 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). We may not substitute our own judgment for that of the trier of fact, even if we would reach a different answer on the evidence. *Maritime Overseas Corp.*, 971 S.W.2d at 407. The amount of evidence necessary to affirm a judgment is far less than that necessary to reverse a judgment. *Pascouet*, 61 S.W.3d at 616.

At the charge conference, no party asserted a valid objection to any defect in Question 1. Therefore, we measure the sufficiency of the evidence to support the jury's finding in response to the question using the charge given. *See Osterberg v. Peca*, 12 S.W.3d 31, 55 (Tex. 2000) (holding that appellate court could not review the sufficiency of the evidence based on a particular legal standard because that standard was not submitted to the jury and no party objected to the charge on this ground or requested that the jury be charged using this standard); *Kormanik v.*

4

*Seghers*, 362 S.W.3d 679, 688 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (measuring sufficiency of the evidence based on the question submitted to the jury when no party asserted a valid objection at the charge conference to any defect in the question).

In Question 1, the trial court asked the jury, "Did the negligence, if any, of Mary Buchanan proximately cause the occurrence in question?" The jury answered "no." The trial court instructed the jury as follows:

- "If you do not find that a preponderance of the evidence supports a 'yes' answer, then answer 'no.'"

- "'Occurrence in question' refers to the collision that occurred on November 17, 2013, involving Lydia Tousant and Mary Buchanan."

- "'Negligence' means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances."

- "'Ordinary care' means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances."

- "'Proximate cause' means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event."

By its answer, the jury did not find that Buchanan was not negligent or that her negligence did not proximately cause the collision; instead, the jury found that the Tousant Parties did not prove by a preponderance of the evidence that the negligence, if any, of Buchanan proximately caused the collision. *See Kormanik*, 362 S.W.3d at 690. Thus, the jury may have found that the Tousant Parties did not prove by a preponderance of the evidence that Buchanan was negligent or that the

5

Tousant Parties did not prove by a preponderance of the evidence that Buchanan's negligence proximately caused the collision. *See id.* Proof that Buchanan's vehicle rear-ended the Tousant Parties' vehicle does not establish negligence as a matter of law. *See Alexander v. Halliburton Energy Servs., Inc.*, No. 14-17-00485-CV, 2018 WL 3385117, at *4 (Tex. App.—Houston [14th Dist.] Jul. 12, 2018, no pet.) (mem. op.). The Tousant Parties still had the burden of proving specific acts of negligence by Buchanan that proximately caused the collision. *See id.*

At trial, Tousant testified as follows:

- Tousant was driving her vehicle on Highway 610 just after a Houston Texans' game had ended.

- The car in front of Tousant's vehicle began to slow down, so Tousant began to slow down.

- Then the car in front of Tousant stopped, and Tousant stopped her vehicle.

- Shortly after Tousant stopped, her vehicle was rear-ended by a vehicle driven by Buchanan.

- According to Tousant, it was a very severe impact.

- When Tousant went to check on Buchanan, Buchanan said, "I'm so sorry. I didn't mean to hit you guys."

- Tousant gradually stopped her vehicle. The vehicle did not come to a "sudden . . . screeching halt." Tousant just had to hit the brakes "really hard."

- After police officers arrived, they took statements from the drivers and said that the Tousant Parties were not at fault, that Buchanan had taken full responsibility, and that Buchanan was going to receive a "ticket."

- Tousant never saw Buchanan's vehicle before the collision.

- Tousant cannot say that Buchanan was speeding, that she was tailgating, or that she was on the phone while driving.

Tousant's husband (Samuel Newton) testified that Tousant was driving him to his workplace that day. He explained that at the time of the collision, he was trying to get a little rest before he had to report to work. He remembers being in

the vehicle and the vehicle getting hit in a big impact.

The Tousant Parties introduced into evidence a copy of the police report for the accident. The copy of the report is difficult to read. The report contains a statement that Buchanan's vehicle struck the Tousant Parties' vehicle from behind when the Tousant Parties' vehicle "slowed due to heavy traffic."[1] The report indicates that Buchanan made the statement, "I did not see her slow down, and I ran into her."[2] The report indicates that Tousant made the statement, "I was driving and had to slow down because of heavy traffic and I was hit from behind."[3] The report does not appear to contain any other description of Buchanan's conduct. The report indicates that a citation was issued but contains no statement of the person to whom the citation was issued or the nature of the charge.

At trial, Buchanan testified as follows:

- The statement, "I was driving and had to slow down because of heavy traffic, and I was hit from behind" was the police officer's interpretation of what Buchanan said. Buchanan indicated that she did not make this statement to the police officer.

- Buchanan was traveling at ten to fifteen miles per hour.

- Buchanan eventually did see Tousant's vehicle and applied the brakes, but not in time for Buchanan to stop and avoid a collision.

- The accident occurred just after a Houston Texans' game had ended, and there was "heavy stop-and-go traffic." "It was the traffic where it's — you're moving and then you're suddenly stopping. Then you're moving and you're suddenly stopping."

- Buchanan does not recall exactly why she did not see Tousant's vehicle in time to stop fully and avoid hitting it.

- Buchanan was traveling about fifty to seventy-five feet behind Tousant's

---

[1] (all caps in original omitted).

[2] (all caps in original omitted).

[3] (all caps in original omitted).

vehicle. Buchanan thinks that "at points" that was an appropriate distance, "and maybe it wasn't in the exact moment of the accident."

- Buchanan is not sure whether she was traveling behind Tousant's vehicle at an appropriate distance at the time of the accident. Buchanan is not sure whether she was traveling too close to Tousant's vehicle. It is possible that Buchanan was traveling too close to Tousant's vehicle.

- Buchanan thinks she had a duty to observe the type of traffic and drive accordingly so as not to cause an accident. Buchanan is not sure whether she breached that duty.

- The traffic was "stop-and-go," like other traffic that Buchanan has experienced in Houston. "In this instance [Buchanan] was not able to stop in time. It was too sudden for [Buchanan] to stop."

- Buchanan's vehicle hit Tousant's vehicle because Buchanan "simply wasn't able to stop in time to avoid hitting [Tousant's vehicle]."

- When Buchanan started braking, she probably was traveling no more than fifteen miles an hour and she was fifty to seventy-five feet behind Tousant's vehicle.

- The impact was "nothing more than a bump." No airbags deployed, and Buchanan was unharmed.

- Buchanan does not recall at what point she saw Tousant's vehicle before Buchanan's vehicle hit Tousant's vehicle. It is hard for Buchanan to state exactly when she saw Tousant's vehicle. "It happened all so suddenly."

- It is possible that Buchanan had enough time to brace herself.

- Buchanan received "a ticket for the accident." She does not recall the charged offense. The ticket was later dismissed because no witnesses or police "showed up."

No evidence showed the offense for which Buchanan was charged in the citation, and the only evidence regarding the disposition of the citation is that the charge was dismissed. Tousant and her husband were cross-examined and impeached with prior inconsistent statements, and the jury is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *See GTE Mobilnet of S. Tex.*, 61 S.W.3d at 615–16. Tousant and her husband on the one

8

hand and Buchanan on the other gave conflicting testimony. The jury may have discredited the testimony of Tousant and her husband that supported a finding that Buchanan was negligent and credited Buchanan's testimony supporting a finding that Buchanan was not negligent. At trial Buchanan did not state that she was at fault or negligent. Nor did she testify that she failed to maintain a proper lookout or that she was not paying attention. Buchanan testified that "[i]t was too sudden for [Buchanan] to stop" and that "[i]t happened all so suddenly." The Tousant Parties had the burden of proving specific acts of negligence by Buchanan that proximately caused the collision. *See Alexander*, 2018 WL 3385117, at *4. Though the Tousant Parties submitted a significant volume of testimony and documentary evidence in an attempt to prove their alleged personal-injury damages, the Tousant Parties submitted scant evidence as to Buchanan's alleged negligence.

After considering the trial evidence in the light most favorable to the challenged jury finding, indulging every reasonable inference that would support the finding, crediting favorable evidence if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable factfinder could not, we conclude that the trial evidence would enable reasonable and fair-minded people to find that the Tousant Parties did not prove by a preponderance of the evidence that Buchanan was negligent. *See City of Keller,* 168 S.W.3d at 823, 827; *Alexander*, 2018 WL 3385117, at *4–6; *Kormanik*, 362 S.W.3d at 690; *Vandyke v. Austin Indep. Sch. Dist.*, 547 S.W.2d 354, 356–57 (Tex. Civ. App.—Austin 1977, no writ). Examining the entire record, considering and weighing both the evidence in favor of, and contrary to, the jury's finding in response to Question 1, we conclude that this finding is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Maritime Overseas Corp.*, 971 S.W.2d at 406–07;

9

*Alexander*, 2018 WL 3385117, at *4–6; *Vandyke*, 547 S.W.2d at 356–57. Because the trial evidence is legally and factually sufficient to support the jury's finding in response to Question 1, we overrule the Tousant Parties' first and third issues.

### III.  CONCLUSION

The record does not reflect that the Tousant Parties tendered a written request to the trial court for submission of a question or instruction. So, they failed to preserve error in the trial court as to the alleged charge error of which they complain on appeal. Under the respective standards of review, the trial evidence is legally and factually sufficient to support the jury's finding in response to Question 1. We affirm the trial court's judgment.


/s/     Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Christopher and Bourliot.

10